SOLOMON ECKSTEIN v. DAVID CALDERWOOD, DUN-
CAN F. McDONALD, AND J. CAVIS.

DILIGENCE IN MOVING FOR NEW TRIAL.—If a motion for a new trial is not pros-
ecuted with due diligence it should be dismissed on the application of the opposite
party.

APPEAL from the County Court, City and County of San Francisco.

Defendant Calderwood moved for a new trial and appealed. The other facts are stated in the opinion of the Court.

*P. G. Buchan*, for Appellant.

*G. F. & W. H. Sharp*, for Respondent.

By the Court, CURREY, J.

In August, 1862, the plaintiff commenced an action of for-cible entry and detainer in a Justice's Court against the appel-lant and two other persons for the recovery of a lot of land described in the complaint. The defendants appeared and answered. From the judgment rendered in the Justice's Court an appeal was taken to the County Court, in which the action was tried and a verdict and judgment rendered in favor of the plaintiff against the defendants on the seventeenth of January, 1863. The appellant Calderwood in due time gave notice of his intention to move for a new trial, and prepared a statement to be used on such application, to which the plain-tiff proposed amendments. The statement was settled by the Court on the eleventh of May, 1863, by allowing certain of the amendments proposed, and then the appellant's attorneys

obtained leave to take the statement proposed, and the amendments allowed for the purpose of engrossing the same. On the twenty-ninth of July thereafter the appellant served on plaintiff's attorneys a notice challenging the loyalty of the plaintiff to the Government. The plaintiff was at that time absent from the State, and time was granted to procure his affidavit of loyalty. This was obtained and filed on the twelfth of November, and on the twentieth of that month the plaintiff's attorneys gave notice to the appellant's attorneys that they would move the Court on the thirtieth day of said November to dismiss the motion for a new trial on the ground that appellant had failed to prosecute the same with diligence. On the twenty-seventh of November the appellant obtained from the County Judge an order that the plaintiff show cause before him on the first of December, 1863, why a resettlement of the statement on motion for new trial should not be made to conform to the facts stated in the affidavits and the minutes of the trial on which the order was made. This order was served on the plaintiff's attorneys on the same day. On the second of December both motions came on to be heard, the motion of the plaintiff being first taken up. The motions were argued by the respective parties, and afterwards, on the twenty-eighth of December, the Court made an order, first reciting that it appeared from the minutes and files of the Court that on the eleventh of May, 1863, the appellant's statement on motion for a new trial was settled, and that his attorney on the same day took from the files of the Court the proposed and amended statement for engrossment, and had retained them in his possession without engrossing them up to the time when the motion to dismiss was made, and therefore decided that the application for a new trial had not been diligently prosecuted, and granted the order dismissing the application for a new trial. The appeal is from this order and from the judgment in the case.

If the order was correct, then the judgment must be allowed to stand, because by the judgment roll, without a statement of the evidence, there appears to be no objection to it.

· After the statement was settled by the Judge, until the plaintiff's loyalty was questioned, over two months and a half elapsed in which the appellant might have engrossed the statement as settled and placed it on file with the Clerk of the Court. During the time the plaintiff's loyalty stood challenged the cause was suspended (Laws 1863, page 566); but after his affidavit was filed the appellant still remained inactive, with the statement and amendments which were allowed in his hands, and there they remained until the motion to dismiss his application for a new trial was made, and it appears that even then the ordered engrossment had not been made. The appellant's excuse for this omission and delay is that at the time of the allowance of the amendments the Judge made a memorandum upon the margin of the proposed amendments, declaring that they were " subject to any revision which may seem proper, on hearing of counsel, if a hearing shall be desired." The effect of this declaration was not to suspend the proceedings to an indefinite extent, nor to give to either of the parties an unlimited period within which to express his desire to be heard. If the appellant desired a revision of the amendments, and wished to be heard in reference thereto, he should have moved in the matter with due diligence. This, in our judgment, he did not do, and therefore we cannot overrule the discretion of the Court in the premises.

Judgment and order affirmed.