## HENRY C. BOGGS v. ALFRED G. CLARK.

ESTOPPEL BY JUDGMENT.—A judgment, to operate as an estoppel, must be a judg-
ment of a Court of competent jurisdiction upon the same subject matter, in a
cause regularly tried on its merits, upon issues duly joined by proper pleadings
in such Court, between the same parties or their privies.

IDEM.—F. recovered judgment against H., foreclosing a mortgage on certain
lands, and under an order of sale duly issued thereon the Sheriff sold and in due
course conveyed the said lands by deed to B., who, under a writ of assistance,
duly issued, procured C. to be dispossessed of a certain tract of land as being
within said deed.    C. subsequently procured from the Court rendering said judg-
ment, upon proper motion and notice thereof to B., and after trial on the merits
of the issues arising thereon, an order to be restored to said possession, on the
ground that said tract of land was not within said deed, and was so restored,
under said order, which became final.    Subsequently B. brought ejectment against
C. to recover said land, to which C., in answer, after setting up said facts, and
that B. had and claimed no other title to said land except under said deed,
pleaded that, as between B. and C., the title thereto was *res adjudicata.* *Held,*
that the facts so pleaded constituted no bar or legal defense to B.'s action against
C. to recover said land, and that the Court below did not err in striking out so
much of C.'s answer as set up the same.

MOTION FOR NEW TRIAL—DISMISSAL OF, FOR WANT OF PROSECUTION.—An order
denying and dismissing a motion for a new trial for want of due diligence in
bringing the same to a hearing, as required by the Practice Act, (Sec. 196,) rests
in the sound discretion of the Court.

IDEM.—In an action by B. against C., pending in the Seventh District Court for Napa County, in which B. recovered judgment, in said county, on the 8th of June, 1867, an order of Court was entered on the same day, by consent, that C. have sixty days in which to prepare and file statement on motion for new trial. On the nineteenth of June notice of said motion was duly filed and served, and on the sixth day of August following C. filed his statement on said motion, and gave plaintiff's attorney notice thereof. On the first of October following B.'s attorney duly filed notice, and served the same on C.'s attorney, that, on the seventh of October, he would move the Court to dismiss said motion, on the ground that C. had not presented the same within a reasonable time after the filing of said statement. On the day following (October second) C.'s attorney served B.'s attorney with notice that he would proceed with his motion for a new trial on said seventh day of October. On the eighth day of October (both of said motions having been continued from the previous day) the Court granted B.'s said motion to dismiss. The term of said Court commenced in Solano County, which is in the same Judicial District and adjoins Napa County, on the 16th day of September, 1867. *Held*, that the Court did not so abuse its discretion in making said order as to justify its reversal.

FACTS OF WHICH THIS COURT WILL TAKE JUDICIAL NOTICE.—This Court will take judicial notice of the regular terms of the several District Courts, as prescribed by statute, and of the contiguity of the several counties composing the Judicial Districts, but not of the distances and facilities for communication between the county seats of the counties composing such district.

APPEAL from the District Court, Seventh Judicial District, Napa County.

This was an action of ejectment, to recover a tract of land in Napa County. The portion of defendant's answer alluded to in the opinion of the Court, which was stricken out in the Court below on plaintiff's motion, set up substantially that in an action by *Fowler and Hargrave* v. *Harbin et al.*, to foreclose a mortgage on the lands of Harbin, judgment passed for the plaintiffs therein, whereupon the mortgaged lands were by the Sheriff duly sold and conveyed by deed to the plaintiff in this action under an order of sale duly issued to enforce said judgment; that, under a writ of assistance, regularly issued, to put the purchaser in possession of the premises described in said deed, the defendant in this action was dispossessed of a specified portion of the land demanded in this action, whereupon he obtained from the Court which had rendered said judgment and issued said writ of assistance an order to be restored, and thereunder was restored

to the possession of said portion of land, on the ground that the same was not included in said deed; that said order was granted upon a proper motion made therefor, after due notice to and appearance by the plaintiff in this action, and after trial before said Court upon the merits of the issues arising thereon; that the plaintiff had no other title or claim of title to said portion of land except under said Sheriff's deed; that said order had, by reason of the failure of the plaintiff to appeal therefrom within the time prescribed by law, become final, and that thereby the title to said portion of land, as between the parties to this action, had become *res adjudicata.*

The plaintiff had judgment in this action, and the defendant appealed therefrom, and from an order denying his motion for a new trial.

The other facts are stated in the opinion of the Court.

*Clarke & Carpentier,* for Appellant.

*Rayle & Pendegast,* for Respondent

By the Court, SPRAGUE, J.:

The new matter stricken out from defendant's answer on motion of plaintiff, admitting the same to be true as stated, constitutes no bar to plaintiff's right of recovery, and is no valid legal defense to his action, hence it was properly stricken out. A judgment to operate as an estoppel must be a judgment of a Court of competent jurisdiction upon the same subject matter, in a cause regularly tried on its merits upon issues duly joined by proper pleadings in such Court between the same parties or their privies. The motions and orders of the Court in the cause of *Fowler & Hargrave* v. *Harbin et al.,* although the parties to this action appeared in and were interested in the result of such motions, were in no just sense *judgments in an action* between these parties upon issues joined in a cause pending between them.

These motions and orders were after judgment in a cause between other parties, and for the sole purpose of enforcing the judgment and decree of the Court previously pronounced and entered in a cause to which neither plaintiff nor defendant in this case was a party.

The order of the Court denying and dismissing defendant's motion for a new trial, on the ground that the same was not prosecuted or brought on for hearing with due diligence, or within a reasonable time, as by statute and the rules of the Court required, was an exercise of the sound discretion of the Court, especially as applied to the questions as to whether the motion had been prosecuted or brought on for hearing with due diligence, or "at the earliest period practicable" after filing the statement. As appears by the transcript, judgment was rendered in this cause against defendant on the 8th day of June, 1867, at Napa County, the county in which the action was brought, and on the same day an order was entered by consent of the parties, that the defendant have sixty days from the date of the entry of the judgment in which to prepare and file statement on motion for new trial or appeal. Notice of motion to set aside the judgment and for new trial was served on plaintiff's attorney on the 19th June, 1867, and the statement on motion for a new trial was duly filed on the 6th August, 1867, within the time granted by order of the Court, and plaintiff's attorneys were duly notified of such filing on the same day. On the 1st day of October, 1867, plaintiff duly notified defendant's attorney that he would move the Court on the 7th day of October, 1867, to dismiss defendant's motion for a new trial and to strike out defendant's statement on motion for new trial, on the ground that defendant had not presented his motion in reasonable time after filing his statement as required by statute and rules of the Court, and on the same day filed such motion and the grounds thereof.

On the 2d day of October, 1867, defendant gave notice to plaintiff's attorneys that he should proceed with his motion for new trial on the 7th day of October, 1867, the same being

the first day of the October Term of the District for the County of Napa. On the 8th day of October, 1867, both motions having been continued from the previous day, the motion of plaintiff to dismiss defendant's motion for new trial and to strike out his statement on such motion—the same being first in order—was taken up; defendant, by his counsel, being present, resisted said motion to dismiss and to strike out, and urged that he was present for the purpose of having his statement settled and to press his motion for new trial. The Court, after argument of counsel upon plaintiff's motion, granted the same, and made and caused to be entered an order that the motion for a new trial of said defendant in said cause be dismissed and denied, for that the same was not presented or brought on for hearing with due diligence, or within a reasonable time, as by statute and the rules and practice of the Court required, after judgment rendered and entered in said cause, and within a reasonable time after filing statement of defendant on motion for new trial. This appeal is prosecuted from this last order, as also from the order striking out the substantive matter of defense in defendant's answer, hereinbefore referred to; and the question presented on review of this order dismissing and denying defendant's motion for new trial, is, upon the facts hereinbefore recited, did the Court err or manifestly abuse its discretion in making the order?

Section one hundred and ninety-six of the Practice Act reads as follows: "The application for a new trial shall be made at the earliest period practicable after filing the affidavit or statement, and the Court or Judge granting or refusing a new trial shall state in writing the grounds upon which the same is granted or refused," and section five hundred and sixteen, same Act, reads as follows: "Motions shall be made in the county in which the action is brought, or in an adjoining county in the same district."

By the twenty-fifth section of the Act "concerning Courts of justice of this State and judicial officers," (Statutes of 1863, p. 336,) District Judges are authorized to hear and

dispose of all motions for new trials at their chambers. The transcript does not disclose what the rules of the Seventh District Court were, but as the Court in its order assigns as one of the grounds of the order, that defendant in prosecuting his motion had failed to conform to the rules and practice of the Court, we must presume that in the matter of diligence in prosecuting his motion he had failed to conform to an established rule of Court. Independent, however, of any rules of the Court upon the subject, the facts as disclosed by the transcript, and independent facts of which this Court will take judicial notice, sufficiently indicate that the Court in the exercise of its discretion might very properly have adjudged that the defendant did not properly prosecute his motion for a new trial at the *earliest period practicable* after filing his statement for such motion, as required by the one hundred and ninety-sixth section of the Practice Act.

This Court will take judicial notice of the regular terms of the several District Courts as fixed by statute, and of the contiguity of counties composing the districts, and by reference to the statute fixing the time for the commencement of the terms of the District Court in the several counties composing the Seventh Judicial District, we find (Stats. of 1863, p. 608, Sec. 7) that the term of the District Court in that district commencing next preceding the date of the filing of defendant's statement, commenced in the County of Mendocino on the third Monday of July, 1867, and presumptively this term continued until the commencement of the next term of the District Court as fixed by law, and we find the next term in the district commenced in the County of Solano on the third Monday (the 16th day) of September, 1867. The County of Mendocino does not adjoin the County of Napa, hence defendant's motion could not have been presented to the Judge while holding the term for that county. But the County of Solano adjoins the County of Napa, and the next term after the Mendocino term, commencing in the County of Solano on the 16th September, 1867, it may have

been entirely practicable for defendant to prosecute his motion before the Judge on that or any judicial day from the 16th September to the 7th October, which he failed to do, and manifested no intention to prosecute his motion at any time or place until after plaintiff's notice of motion to dismiss his motion and strike out his statement was served upon his attorney on the 1st of October, 1867.

Of the distance and facilities for communication between the county seats of Napa and Solano Counties, and other circumstances proper to be considered by and likely to influence the mind of the Court below in determining the question of diligence, and of which the Court is presumed to have been fully advised, this Court is ignorant.

We have been unable to discover any such abuse of discretion in the action of the Court below in respect to this order as would justify a reversal of the same.

Orders affirmed, and remittitur allowed forthwith.

Mr. Justice SANDERSON and Mr. Justice CROCKETT expressed no opinion.