[No. 2,731.]

| 44 | 389 |
|-----|-----|
| 142 | 298 |

## DEVEREUX HOPKINS *v.* THE WESTERN PACIFIC RAILROAD COMPANY.

DISCRETION OF THE COURT OR JUDGE.—An order made upon a motion to dismiss an application for a new trial, on the ground that the same has not been prosecuted with due diligence, is very much in the discretion of the Court or Judge making it; and unless it is apparent that such discretion has been abused, the order will not be reversed.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The facts are stated in the opinion.

*J. H. Budd, B. McKinne,* and *G. T. Martin,* for Appellant.

The Court erred in refusing to dismiss defendant's application for a new trial.

Defendant's motion for a new trial was not prosecuted with due diligence, nor with any diligence.

So far from moving at the earliest practicable period for a new trial, the defendant withdrew its statement, and after that did not move at all, until compelled by reason of the motion of plaintiff, mentioned in the first assignment of errors.

The party against whom the judgment was rendered was the one upon whom the statute imposes the duty to make application for a new trial at the earliest practicable period, and a failure to do so is an abandonment of the motion for a new trial. (*Eckstein* v. *Calderwood*, 27 Cal. 413; *Frank* v. *Doane* and *Green* v. *Doane*, 15 Cal. 302; *Mahoney* v. *Wilson et al.*, 15 Cal. 43.)

*Robert Robinson* and *H. B. Underhill*, for Respondent.


By the Court, BELCHER, J.:

The plaintiff recovered judgment against the defendant on the 25th day of May, 1870. On the next day, by the consent of the attorneys for the parties, expressed in open Court, it was ordered by the Court that the defendant have forty days from that time in which to file a statement on motion for a new trial, and that all proceedings be stayed until the motion for a new trial should be disposed of.

On the twenty-ninth of June the defendant filed its proposed statement on motion for a new trial, and thereupon it was stipulated by the attorneys of the parties that the plaintiff should have twenty days from that date to file amendments thereto.

On the nineteenth of July the plaintiff filed his amendments to the statement.

On the fourth of August the attorneys for the parties appeared in open Court to settle the statement; and failing to agree upon a statement, the Court directed that the evidence illustrating the errors assigned by defendant, and the charges

of the Court, be added to the statement from the reporter's notes of the testimony taken at the trial. At the same time the Court made an order allowing the defendant's attorneys to withdraw from the files of the Court the statement and the reporter's notes, for the purpose of inserting the evidence ordered by the Court to be inserted; and on the same day the statement was withdrawn by them for that purpose.

On the twenty-first day of September the attorneys for the plaintiff served notice upon the attorneys of the defendant that they would move the Judge at chambers, on the twenty-eighth day of September, to vacate the order of May twenty-sixth, staying proceedings in the action until the motion for new trial should be disposed of, on the ground that the defendant had not prosecuted its motion with sufficient diligence. This motion was heard before the Judge on the twenty-eighth of September, and denied, on the ground that "the Court is of the opinion that the attorney for the defendant has prosecuted his motion with due diligence and as expeditiously as could be expected under the circumstances."

When this motion was heard, the statement containing the amendments directed by the Court to be inserted had not been returned to the Clerk's office, but as soon as it was denied, the attorney for the defendant submitted to the Judge the original statement, amended by inserting the reporter's notes, filling two hundred and seventeen pages of legal cap paper. Thereupon the Judge allowed the attorneys for the plaintiff until the third day of October to examine such amended statement and make such objections or motions as they might desire to make before it should be certified as settled.

The hearing in reference to the settlement of the statement was afterwards, at the instance of counsel for defendant, continued until the tenth of October.

On the tenth of October the attorneys for the plaintiff moved the Judge at chambers to dismiss the defendant's

motion for new trial, on the ground that the defendant had failed to prosecute the same with diligence.

This motion was overruled "upon the grounds that the defendant has diligently prosecuted its motion, and that the motion on the part of defendant was submitted without argument on the twenty-eighth of September, to be acted upon by the Judge when he certified the statement."

From the orders made denying the plaintiff's motions this appeal is taken.

Orders like those under review are very much in the discretion of the Court or Judge making them. And unless it is apparent that that discretion has been abused, they will not be reversed.

It is not apparent here that there was any abuse of discretion. On the contrary, it is found by the Judge that there was no want of diligence on the part of the defendant in prosecuting its motion for new trial, and the facts disclosed by the record seem to justify the finding.

Orders affirmed.