(May 26, 1899.)

## PROUT v. MOUNCE.

[57 Pac. 307.]

REHEARING—INTERLOCUTORY ORDERS.—A petition for rehearing will not lie in case of preliminary or interlocutory orders, made by the supreme court. It is only in case of a final decision that petitions for rehearing will be considered.

(Syllabus by the court.)

Original proceeding in Supreme Court.

Eugene O'Neill, for Petitioner.

Plaintiffs by their counsel were entitled to notice of the petition or motion asking this court for the order which they have obtained without notice. (Rev. Stats., secs. 4882, 4892-4894.) Certainly in this case no order, if any, should be made that can be construed into anything more than an authorization to settle the statement leaving with the lower court all discretionary powers arising from the delays of defendants and the conditions of the case. (Hayne on New Trial and Appeal, sec. 165; *Boggs v. Clark,* 37 Cal. 236 (less than two months); *Chabot v. Tucker,* 39 Cal. 434; *Hopkins v. Western Pac. R. R. Co.,* 44 Cal. 389.)

James W. Reid, for Defendants, files no brief.

QUARLES, J.—The defendants presented to this court, April 19, 1899, a petition, duly verified by the oath of James W. Reid, in which the following allegations are made, to wit: "1. That he is the attorney of Eva K. Mounce et al., in a certain action which has long since been pressed to judgment in the district court of the second judicial district in and for the county of Nez Perces and state of Idaho, wherein Mary A. Prout et al. are plaintiffs and Eva K. Mounce et al. are defendants. 2. That in said cause judgment has been heretofore rendered in favor of plaintiffs, and against the defendants, such judgment having been rendered on or about the —— day of ——, 189—. 3. That thereafter, and after the

rendition of said judgment, your petitioner, as the attorney for Eva K. Mounce et al., being desirous of appealing from such judgment and decree, caused to be prepared and served, within the time allowed by the original agreement between counsel for the respective parties in said cause, and the extensions thereof, and caused such bill of exceptions and settlement of the cause to be served upon the counsel for the different parties, who has drafted and presented his objections thereto. 4. That upon several and divers and sundry occasions your petitioner has asked to have the said bill of exceptions, together with the prepared amendments thereto, heard, determined, settled, and allowed, and has had several times and dates fixed for the settlement and allowance thereof, all of which were so fixed by the judge of the district court of the second judicial district in and for the state of Idaho, and that at each such times, for some reason beyond the control of your petitioner, the said bill of exceptions, with the prepared amendments, has been deferred; that the judge who tried said cause is W. G. Piper, formerly judge of the district court of the second judicial district of the state of Idaho; that the term of office of the said W. G. Piper has expired, and that your petitioner is informed, and so states, that the said W. G. Piper has removed, or is about to remove, from the state of Idaho, and has been absent from the state of Idaho for quite a number of weeks last past; that he at present is at Moscow, Latah county, Idaho, his former residence in this state, but is practically unable to attend to any business whatever, on account of indisposition and sickness. 5. That your petitioner is further informed and so states that the said W. G. Piper, judge who tried said cause, will not himself fix any definite time for the settlement and allowance of said bill of exceptions, and that the same has now been pending before the said judge, both before and since the expiration of his term of office, for many months. Your petitioner further states that unless this court will make an order designating how, when, where, and by whom the said bill of exceptions and settlement of the cause, as proposed by your petitioner, together with the amendments thereto, as presented by opposite

counsel, can be heard, settled, and determined, that it will be practically impossible to perfect such appeal at any time; that your petitioner believes that his clients have a good and meritorious cause on appeal, and is desirous of presenting the same for review to the supreme court of the state of Idaho. Wherefore your petitioner asks that this honorable court make an order specifying when, where, before whom, and in what manner the said proposed bill of exceptions and settlement, together with the amendments proposed thereto, shall be settled and allowed, and for such other order as is meet in the premises.

(Signed)          "JAS. W. REID."

This court considered the petition, and made an order directing that the "Honorable Edgar C. Steele, judge of the second judicial district of the state of Idaho, be, and he is hereby, appointed and directed, at his earliest convenience, to settle the said bill of exceptions, and, when so settled, to certify the same as provided by law." The plaintiffs now file a petition, in which it is alleged that the judgment in the action was entered April 17, 1897, and averring facts showing that the defendants were guilty of laches in not procuring a settlement of the bill of exceptions; that plaintiffs had attended at divers times and places pursuant to notice to be present, upon which occasions defendants made no efforts to have the bill of exceptions settled; and ask for a rehearing of the motion for said order, principally on the ground that no notice of the application for said order was given to them.

We cannot entertain petitions for rehearing in cases of preliminary motions. To do so, we would be continually harassed with such applications and the archives of the court would soon be plethoric with papers of no value or utility to anyone. The rules wisely provide for petitions for rehearing from the final decision of this court. In case of an erroneous order made in a preliminary matter, whether procured by deception or otherwise, the party aggrieved can have his remedy when the cause comes here upon its merits. But we cannot now determine in this case whether the right of appeal has been lost or not, or whether the bill of exceptions

should be settled or not. If the right of appeal is barred by limitation, it would seem an idle and useless thing to settle defendants' bill of exceptions, yet we cannot see how the plaintiffs can be prejudiced by such settlement. Counsel for petitioner cites us to Hayne on New Trial and Appeal, sec. 165; *Boggs v. Clark,* 37 Cal. 236; *Chabot v. Tucker,* 39 Cal. 434; and *Hopkins v. Railroad Co.,* 44 Cal. 389—which authorities we have carefully examined, but fail to see their relevancy to the matter before us. The authorities cited relate to the discretion of the trial court in granting a new trial or in dismissing a motion for new trial. They possibly suggest the remedy open to the petitioners here. We would not have filed an opinion in this matter, but to call the attention of the bar, and especially of counsel in this case, to the impropriety of filing a petition for rehearing in the matter of interlocutory orders in this court. Hereafter we will only notice petitions for rehearing in proper cases.

Huston, C. J., and Sullivan, J., concur.