[L. A. No. 1225. Department One.—February 19, 1904.]

DAVID GALBRAITH, Respondent, v. T. S. C. LOWE, Appellant.

NEW TRIAL—BURDEN UPON MOVING PARTY—DISMISSAL OF MOTION FOR LACK OF DILIGENCE—REVIEW UPON APPEAL.—A motion for a new trial is an independent proceeding, in which the burden of acting is at all times upon the moving party, and it devolves upon him to proceed with diligence. The court had discretion to refuse to sign an engrossed bill of exceptions on the motion, where there was an evident lack of diligence in engrossing the same, after knowledge of the action of the judge in relation thereto, and to dismiss the motion for lack of diligence in the prosecution thereof; and his order will not be disturbed upon appeal where no abuse of discretion appears, and where the proposed engrossed bill failed to show any ground for a new trial.

APPEAL from an order of the Superior Court of Los Angeles County granting a motion to dismiss a motion for new trial. Waldo M. York, Judge.

. The facts are stated in the opinion of the court.

Lynn Helm, and E. C. Bailey, for Appellant.

Porter & Sutton, and Norman Williams, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order granting plaintiff's motion to dismiss the motion of defendant for a new trial in the above-entitled action upon the ground that defendant had not prosecuted his motion with reasonable diligence, in that he, without good cause, failed to engross and file the bill of exceptions to be used on the hearing of the motion for a period of upward of five months from the time it was settled and ordered engrossed. When the motion to dismiss came on for hearing on September 27, 1901, defendant for the first time tendered the engrossed bill for signature by the judge, and he refused to sign the same.

It appears that although the order settling the bill and directing engrossment thereof was made April 20, 1901, it did not come to the knowledge of defendant's attorneys until August 12, 1901, which was thirty-nine days prior to the giving of the notice of the motion to dismiss. This was due to the fact that when the matter of settlement came before the judge he took the same under advisement, and no notice was given to defendant's attorneys of the order of settlement, which was on April 20, 1901, entered upon the minutes of the court.

Assuming that the matter of settlement of the bill having been taken under advisement by the judge, lack of knowledge of the action of the judge in relation to the matter would be a sufficient answer to the claim of want of diligence, it still remains true that thirty-nine days remained between the time of the acquiring of knowledge and the time of giving notice of motion to dismiss within which to engross a small bill of exceptions consisting of only fourteen and a half printed pages, as shown by the record on this appeal.

It is not and cannot be claimed, in view of the authorities, that the trial court may not dismiss a motion for a new trial for lack of diligence in the prosecution thereof. (See *Lee Doon* v. *Tesh,* 131 Cal. 406; *Eckstein* v. *Calderwood,* 27 Cal. 413; *Boggs* v. *Clark,* 37 Cal. 236.)

It is however urged that the court erred in granting the motion, in view of the showing made. In this connection, reliance is placed upon the fact that plaintiff's attorneys never gave the attorneys for defendant any notice that the judge had ordered the bill settled and engrossed, and also upon the fact that the "court" was in vacation from July 12, 1901, to September 13, 1901.

These facts, however, possess no particular significance, under the circumstances of this case. There is nothing in our law that requires the adverse party to give the moving party such a notice. The motion for a new trial is an independent proceeding in an action, in which the burden of acting is at all times upon the moving party. The adverse party is given permission to serve within a designated time such proposed amendments to the bill or statement as he may desire. If he fail to exercise this privilege, the moving party may present his proposed bill or statement to the judge without notice. It is the moving party who is the actor in the proceeding and who is seeking the settlement of the bill of exceptions and the determination of the motion for a new trial, and it devolves upon him to proceed with diligence.

The order settling the bill, when made, is an order in his favor, and not one in favor of the adverse party, and it is not incumbent on the adverse party to notify him that he has prevailed on his motion for a new trial, to the extent of obtaining a bill of exceptions for use on his motion.

Where amendments have been proposed to a proposed bill, the law, of course, contemplates that the judge shall settle the bill in the presence of the parties, at a designated time (Code Civ. Proc., sec. 650), and such is the usual practice. Where this practice is departed from, and the matter of settlement is taken under advisement, it would be preferable to continue the matter to some other designated time, so that the parties may be present when the judge finally acts. But if, for any reason, the judge does take the matter under advisement, thus for the time refusing to give the moving party a bill of exceptions, it may be forcibly argued that it would be only the exercise of proper caution on the part of such moving party to keep himself advised of the further action of the judge in the matter. However this may be, it is clear that when the moving party has actual knowledge of the action of

the judge, he must proceed with the engrossment of his statement and the presentation of his motion.

The fact that the "court" was in vacation to September 13, 1901, could not impede the moving party in the engrossment, and it is not contended that the "judge" was absent. In fact, it affirmatively appears that during the vacation the judge "was frequently at the courthouse, heard the calendars called in other departments, and spent considerable time" in his chambers, and was always in communication with his clerk.

There is no question that it was practicable for defendant's attorneys to have had the bill of exceptions engrossed and signed by the judge prior to September 13, 1901, and the motion for a new trial ready to be disposed of at that time.

The power to dismiss a motion for a new trial on the ground that the same has not been prosecuted with due diligence being conceded, the determination of the question as to whether there has been due diligence is one necessarily largely within the discretion of the trial court.. (*Hopkins* v. *Western Pacific R. R. Co.,* 44 Cal. 389; *Boggs* v. *Clark,* 37 Cal. 236.) In *Warden* v. *Mendocino County,* 32 Cal. 655, where the order dismissing was reversed, this court said that there was no just pretense for holding otherwise than that the defendant had prosecuted his motion with all the diligence that was reasonable or practicable, and added, "If there was, we should not disturb the order on this account."

The showing made by defendant's attorneys in opposition to the motion to dismiss was not such that we can say that the court was guilty of an abuse of its discretion in granting the motion.

It may be added that, so far as we can see, the proposed bill of exceptions on appeal, as engrossed and presented to the judge for signature, fails utterly to show any ground for a new trial.

The action was brought to recover judgment for the balance due on two promissory notes, after the sale of certain bonds pledged as collateral security. Defendant introduced no evidence, and the only alleged error is that relating to the action of the court in denying defendant's motion for a nonsuit, and in denying defendant's motion for judgment. The points made on the motions for nonsuit and judgment were extremely

technical, and related almost entirely to the notice and manner of sale of the pledged property. We are satisfied that a sufficient case was made by plaintiff to put defendant to his proof, and that there was no error in denying the motion for a nonsuit or in rendering judgment for plaintiff.

Under such circumstances, we would not reverse the order of the court below, even if we were of the opinion that the judge should have signed the bill, and disposed of the motion for a new trial on its merits. The questions presented by the proposed bill were purely questions of law, and there being nothing in the points made by defendant, his motion for a new trial would necessarily have been eventually denied. To reverse the order of dismissal would, therefore, not avail defendant, except to the extent of postponing a final disposition of the cause. The order made was, as has been held, in effect an order denying the motion for a new trial (*Voll* v. *Hollis,* 60 Cal. 569; *Lang* v. *Superior Court,* 71 Cal. 491), and the record on appeal showing affirmatively that the proposed record on the motion for a new trial did not disclose any ground warranting a new trial, the order denying the motion should be affirmed.

The order is affirmed.

Shaw, J., and Van Dyke, J., concurred.