[Civ. No. 127.   First Appellate District.—November 25, 1905.]

## JOHN MILLER, Respondent, v. AMERICAN CENTRAL INSURANCE COMPANY, Appellant.

NEW TRIAL—UNREASONABLE DELAY IN PRESENTING ENGROSSED BILL FOR SIGNATURE—DISMISSAL OF MOTION.—Any unreasonable delay in presenting an engrossed bill of exceptions for the signature of the judge authenticating it is subject to the same rule as in the case of failure to engross the bill, and is ground for a dismissal of the motion for want of due diligence in prosecuting the same.

ID.—ABSENCE OF JUDGE—DUTY OF MOVING PARTY TO ASCERTAIN RETURN—NECESSITY OF DILIGENCE.—The fact that the judge was absent when the bill of exceptions was engrossed cannot relieve the moving party from the necessity of diligence in ascertaining his return, and procuring his signature to the bill.

ID.—UNAUTHORIZED DEPOSIT WITH CLERK.—There is no law authorizing an engrossed bill of exceptions to be filed with the clerk before it has received the judge's signature; and it is not the duty of the clerk with whom it may be left to deliver the engrossed bill to the judge for his signature.

ID.—DETERMINATION OF DILIGENCE BY JUDGE—DISCRETION—REVIEW UPON APPEAL.—The question whether the moving party has or has not exercised due diligence in causing a bill of exceptions to be engrossed, or in presenting the engrossed bill to the judge for his signature, is to be determined by the judge under the circumstances of each case; and his determination thereon is matter of discretion which will be accepted on appeal as correct and conclusive, unless it is made to appear that he has abused his discretion.

ID.—REFUSAL TO SETTLE BILL—NONAPPEALABLE ORDER—REMEDY BY WRIT OF MANDATE.—The refusal of the judge to settle the bill of exceptions is not an appealable order, or the subject of an appeal. Any unauthorized refusal to settle or certify a bill of exceptions is to be corrected by means of a writ of mandate.

APPEAL from an order of the Superior Court of the City and County of San Francisco, dismissing a motion for a new trial, and refusing to settle a bill of exceptions.   J. M. Seawall, Judge.

The facts are stated in the opinion of the court.

James Alva Watt, for Appellant.

Page, McCutchen, Harding & Knight, and Bledsoe & McGarvey, for Respondent.

HARRISON, P. J.—Appeal from an order dismissing a motion for a new trial and refusing to settle a bill of exceptions. The action was tried by a jury, and a verdict rendered in favor of the plaintiff, January 27, 1902. February 6th, the defendant filed and served a notice of its intention to move for a new trial. The times for preparing and serving a bill of exceptions and amendments thereto having been extended, the proposed bill and amendments were settled by the judge before whom the cause was tried, and on June 18th delivered to the defendant's attorney with a direction that the bill be engrossed within ten days from that date. The bill was thereupon engrossed, and on June 24th the defendant's attorney, being informed that the judge was absent from San Francisco, and would return in the course of ten days or two weeks, left the engrossed bill with a deputy clerk in the county clerk's office. The judge returned to San Francisco July 8th, and was again absent from the city between that date and August 5th, at different times, aggregating fifteen days; but from August 5th to October 28th, when notice of the motion to dismiss the motion for a new trial was given, he was continuously in San Francisco, and, except upon holidays, was during some part of each day in his chambers at the city hall. After the engrossed bill had been left with the deputy clerk, as above stated, it was withdrawn by the defendant's attorney "for a brief period"; but at what date it was withdrawn or for how long a time it was retained by him, is not stated. October 28th, the plaintiff gave notice to the defendant that he would move the court to dismiss the motion for a new trial, upon the ground that the defendant had not prosecuted the motion with due diligence. On the same day the defendant's attorney, after having been served with the notice of this motion, delivered to a clerk in the office of the plaintiff's attorney the engrossed bill, and informed him that he had withdrawn it from the possession of the deputy clerk with whom he had previously left it, and asked the clerk to have it approved in order that it might be certified by the judge. The plaintiff's motion came on for hearing November 7th, and on November 11th was granted by the court. From this order the present appeal has been taken.

In *Galbraith* v. *Lowe*, 142 Cal. 295, [75 Pac. 831], the court said: "The motion for a new trial is an independent proceeding in an action, in which the burden of acting is at all times upon the moving party. . . . It is the moving party who is the actor in the proceeding, and who is seeking the settlement of the bill of exceptions and the determination of the motion for a new trial, and it devolves upon him to proceed with diligence." In that case the moving party did not cause the bill to be engrossed for thirty-nine days after he had knowledge that it had been settled by the judge, and it was held that he thereby failed to exercise proper diligence; and upon that ground an order dismissing his motion for a new trial was affirmed. In the present case the bill was engrossed as early as June 24th; and in his affidavit, read at the hearing of the motion, the defendant's attorney states that the bill "is and has been since the 24th day of June, 1902, ready for the certificate of the judge"; but he does not show that he ever requested the judge to certify it, or that it was presented to the judge for his signature, nor does it appear that the judge was ever informed, prior to the time that the plaintiff's notice of motion was given, that the bill had been engrossed. The fact that the judge was absent from the city at the time the engrossment was completed, and for several days thereafter, did not relieve the defendant from the necessity of diligence in ascertaining the date of his return and in seeking to procure his authentication to the bill. Any unreasonable delay therein is subject to the same rule as in the case of failing to engross the bill. Although he states that, upon finding that the judge was absent from the city, he "left" the engrossed bill with a "deputy clerk" in the county clerk's office, it does not appear that he requested him to present it to the judge for his signature, or that he gave him any direction as to its disposition, except that about a month later he requested him to note upon it the fact that it was then "on file" in the county clerk's office. There is, however, no provision of law authorizing a bill of exceptions to be filed with the clerk before it has received the signature of the judge; nor is it made the duty of the clerk with whom it may be "left," to deliver the engrossed bill to the judge for his signature. The attorney, by this act, merely made the deputy clerk his

2 Cal. App.—18

depositary of the document until he subsequently withdrew it from his custody.

Whether a party has exercised due diligence in causing a bill of exceptions to be engrossed after it is settled, or in presenting it to the judge for his signature after it has been engrossed, is to be determined by the judge under the circumstances of each case; and his determination thereon is so largely a matter of discretion that, unless it is made to appear that he has abused his discretion, his determination will be accepted as correct and conclusive. (*Galbraith* v. *Lowe, supra.*) The refusal of the judge to settle the bill of exceptions is not an appealable order or the subject of an appeal. Any improper or unauthorized refusal to settle or to certify to a bill of exceptions is to be corrected by means of a writ of *mandate.* (*Whipple* v. *Hopkins,* 119 Cal. 349, [51 Pac. 535]; *Murphy* v. *Stelling,* 138 Cal. 641, [72 Pac. 176].)

The order is affirmed.

Hall, J., and Cooper, J., concurred.