[Civ. No. 1145.    Second Appellate District.—September 26, 1912.]

LESLIE McCONNELL, Executor of the Estate of H. F. McCONNELL, Deceased, Respondent, v. IMPERIAL WATER COMPANY NO. 1 (a Corporation), Appellant.

MOTION FOR NEW TRIAL—DISMISSAL FOR LACK OF DILIGENCE—DISCRETION—REVIEW UPON APPEAL.—The dismissal of the proceedings on a motion for a new trial on the ground of lack of diligence in the prosecution thereof, is a matter which is addressed to the sound discretion of the court passing upon it, and if no abuse of its discretion appears, its order will not be disturbed upon appeal.

ID.—SUBMISSION OF MOTION TO JUDGE KNOWN TO BE DISQUALIFIED—DENIAL—VACATION OF ORDER—DELAY IN RENEWING MOTION—DISMISSAL—DISCRETION NOT ABUSED.—Where the party moving for a new trial knowingly and without objection permitted a disqualified judge to act upon the motion, and after the motion was denied, caused the order to be vacated for such disqualification, and then delayed a new ruling before a qualified judge, until after the plaintiff had given notice of a motion to dismiss the proceedings, it is held, in view of the facts, that the court did not abuse its discretion in dismissing the motion.

APPEAL from an order of the Superior Court of Imperial County dismissing a motion for a new trial.    Frank R. Willis, Judge presiding.

The facts are stated in the opinion of the court.

W. N. Goodwin, and Hunsaker & Britt, for Appellant.

Eshleman & Swing, for Respondent.

JAMES, J.—Appeal from an order made in the superior court dismissing defendant's motion for a new trial because of unreasonable delay in the prosecution thereof.

On April 29, 1910, judgment was entered in this case in the superior court in favor of plaintiff. Defendant thereupon served its notice of intention to move for a new trial and prepared a statement of the case for use at the hearing of such motion. This statement, together with amendments thereto, was delivered to the clerk of the court on October 5, 1910, and on December 3, 1910, the statement was settled by the trial judge and ordered engrossed. The engrossed copy was delivered to the judge on December 20th and was thereafter signed, and was filed on April 20, 1911. On May 3, 1911, defendant not having taken any further action toward securing a ruling on its motion for a new trial, the plaintiff gave notice calling up the motion for hearing and a hearing was had thereon on June 2, 1911, at which time the court entered an order denying the motion. No objection was then made to the hearing of the motion by either of the parties. Subsequently, and on July 17, 1911, defendant gave notice that it would move to set aside the order of the court denying its motion for a new trial on the ground that the trial judge at the time he made the ruling was a stockholder of defendant company and therefore disqualified to sit in the matter. It appeared on the hearing, as found by the judge who temporarily sat to hear that motion, that the judge who passed upon the motion for a new trial was a stockholder of defendant company at the time he made the order thereon and had been such stockholder from the eighteenth day of August, 1910. The fact was, therefore, shown that not only was the judge disqualified at the time he heard the motion for a new trial, but was also disqualified at the time he settled the statement of the case. The order denying a new trial was set aside, agreeable to the motion made to that end, and on the eleventh day of August, 1911, attorneys for defendant served plaintiff's counsel with a notice that they would move for a new ruling on the motion for a new trial on the twenty-

fifth day of August, 1911. Prior to the time of the service of this last notice, plaintiff's attorney, on the twenty-eighth day of July, 1911, and immediately after the order made by the disqualified judge denying a new trial had been vacated and set aside, served notice on defendant that he would, on the twenty-fifth day of August, 1911, move the court to dismiss proceedings on motion for a new trial on the ground that the same had not been prosecuted with due diligence. On the twenty-fifth day of August these motions were both taken up on the calendar of the superior court, and the motion to dismiss the proceedings being first presented was by the judge then sitting granted. This appeal followed. The matter of dismissal of proceedings on motion for a new trial on the ground of lack of diligence in the prosecution thereof is one which is addressed to the sound discretion of the court, and unless an abuse of this discretion is shown an order made granting or denying such a motion will not be disturbed on appeal. (*Galbraith* v. *Lowe,* 142 Cal. 295, [75 Pac. 831].) In our opinion, no abuse of discretion is shown to justify a reversal of the order appealed from. Between the date of the entry of judgment and that upon which the motion dismissing the proceedings on motion for a new trial was presented and granted, sixteen months had intervened. It appears that when the statement of the case was settled the trial judge who settled such bill and subsequently ruled upon the motion for a new trial had been a stockholder of defendant company for nearly five months. We must assume, in the absence of a showing to the contrary which was not made, that the records of the corporation correctly set forth at all times the names of the persons holding shares of stock. It will be presumed, then, that defendant corporation, having knowledge of the state of its own records, had knowledge of the fact that the superior judge of Imperial County had become one of its shareholders and of the time when he became such shareholder. There is nothing in the record showing or tending to show that defendant had not such knowledge, and it therefore appears that it allowed a disqualified judge to act upon the motion for a new trial and so cause delay in the proceedings. It was through the act of the defendant that the order made by the disqualified judge was set aside, and even after this was done defendant allowed

thirteen days to elapse before giving notice that it would seek a ruling on its motion for a new trial. This latter notice was only served after a notice had been given to it by the plaintiff that he would ask the court to dismiss the proceedings. Under these facts, it might well appear that the delay of defendant in bringing to a hearing its motion for a new trial was unreasonable and without excuse. We are of the opinion that it was not an abuse of discretion for the trial court to make the order complained of.

The order is affirmed.

Allen, P. J., and Shaw, J., concurred.