[S. F. No. 13453. In Bank.—June 17, 1929.]

HELEN COOKE WILSON, Petitioner, v. HARRY LEON WILSON, Respondent.

[S. F. No. 13455. In Bank.—June 17, 1929.]

HELEN COOKE WILSON, Petitioner, v. THE SUPERIOR COURT OF MONTEREY COUNTY et al., Respondents.

Roger Marchetti and Scott & Pioda for Petitioner.

Melvin & Sullivan for Respondents.

SHENK, J.—Two matters are before us in this cause. The first is an application on the part of the plaintiff for a writ of mandate to compel the respondent judge to settle a bill of exceptions, and the second is a motion by the defendant to dismiss the plaintiff's appeal for failure to perfect a record on appeal.

The action is one for divorce, for an order setting aside a property settlement agreement and for the custody of minor children. The complaint was filed on February 8, 1927, and the cause was tried and submitted for decision on the thirtieth day of the following August. On January 26, 1928, the court granted the plaintiff an interlocutory decree of divorce, but by its judgment then rendered refused to set aside the property settlement agreement. On March 8th the plaintiff's motion for a new trial was denied and on March 19th she filed her notice of appeal. On March 30th the appellant served and on April 2d filed her proposed bill of exceptions. On May 29, 1928, the defendant served on the plaintiff and on May 31st filed proposed amendments to the proposed bill.

During all of the times hereinbefore mentioned the Honorable Fred A. Treat was the judge of the Superior Court in and for Monterey County who tried said cause and rendered judgment therein. On September 30, 1928, Judge Treat suffered injuries in an automobile accident resulting in his death. On October 29, 1928, the respondent judge was appointed as Judge Treat's successor in office. On December 22, 1928, the appellant served and later filed a notice of motion to have the bill of exceptions settled. On December 28th the respondents filed a notice of opposition to the settlement of the bill and served and filed a notice of motion to dismiss the proposed bill. On January 18, 1929, the respondent court entered its order denying the plaintiff's motion to settle the proposed bill and granting the defendant's motion to dismiss the proceeding on the ground that the plaintiff had not proceeded with due diligence. On April 3d the court denied the plaintiff's motion,

made under section 473 of the Code of Civil Procedure, that she be relieved "from her default in failing to have properly settled," etc., her proposed bill of exceptions. The plaintiff now seeks to compel the respondent judge to settle said bill.

We find no abuse of discretion in the refusal of the respondent judge to settle the bill of exceptions and in dismissing the proceeding. The plaintiff was the moving party and it was incumbent on her to proceed with diligence. (*Galbreath* v. *Lowe,* 142 Cal. 295 [75 Pac. 831].) After the proposed amendments were served upon her on May 29th she did nothing prior to the death of Judge Treat on September 30th to bring the matter to the attention of the trial judge. This period of inaction of four months is unexcused. In fact, it continued for an additional period of nearly three months, when on December 22d the plaintiff first took steps to bring the matter of the settlement of the bill of exceptions to the attention of the respondent judge.

Whether a party has exercised due diligence in causing a bill of exceptions to be settled is so largely a matter of discretion with the trial judge that when no abuse of such discretion appears his determination is conclusive. (*Miller* v. *American Central Ins. Co.,* 2 Cal. App. 271, 274 [83 Pac. 289].) This discretion, properly exercised, cannot be controlled by *mandamus.* (See *Stonesifer* v. *Armstrong,* 86 Cal. 594 [25 Pac. 50]; 2 Cal. Jur., p. 570; 16 Cal. Jur., p. 812.)

The peremptory writ is denied and the appeal is dismissed.

Richards, J., Seawell, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.