[Civ. No. 126.   First Appellate District.—November 25, 1905.]

## JOHN MILLER, Respondent, v. QUEEN INSURANCE COMPANY OF AMERICA, Appellant.

NEW TRIAL—BURDEN UPON MOVING PARTY—EXCUSE FOR DELAY—DISMISSAL OF MOTION FOR WANT OF DILIGENCE.—The burden is at all times upon the party moving for a new trial to take whatever steps are necessary to enable the court to hear the motion, and to show some excuse or explanation for delay in taking such steps including the settlement and filing of the bill of exceptions setting forth the matters upon which the motion is to be heard; otherwise the court is authorized to dismiss the motion for want of due diligence.

ID.—BILL OF EXCEPTIONS—PRESENTATION TO CLERK IN ABSENCE OF JUDGE—DUTY OF MOVING PARTY—WAIVER OF NEGLECT.—Where the draft of the proposed bill of exceptions was presented by the moving party to the clerk in the absence of the judge, such party was not authorized to delay until he should receive notice of a day appointed for settlement, but was bound to ascertain when the judge would return, and to procure from him an order fixing a day for settlement, though his negligence in that respect was waived by the consent of the opposite party to proceed toward the settlement of the bill.

ID.—INEXCUSABLE DELAY IN COMPLETE SETTLEMENT.—An unexplained delay for a period of five months to take final steps for the complete settlement of the bill, or if its form and contents were agreed upon, to engross the bill and present it to the judge for settlement, was inexcusable.

ID.—NOTICE OF MOTION TO DISMISS—SUBSEQUENT NOTICE OF SETTLEMENT—NEGLIGENCE NOT OBVIATED.—After the moving party received notice of a motion to dismiss the motion for a new trial for want of prosecution of it with due diligence, a notice that on a subsequent day the moving party would proceed with the settlement of the bill cannot obviate or palliate such party's previous negligence.

1d.—Interest in Other Causes—Occupation of Attorney—Question for Trial Judge—Determination not Reviewable.—The fact that there were other causes in which the moving party was interested, wherein the time of the attorney of such party was occupied in settling other bills of exceptions, was a circumstance proper to be considered by the judge in determining whether there had been undue negligence in the settlement of the bill in this case; but his determination upon that point is not open to review.

APPEAL from an order of the Superior Court of the City and County of San Francisco, dismissing a motion for new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

James Alva Watt, for Appellant.

Page, McCutchen, Harding & Knight, for Respondent.

HARRISON, P. J.—Appeal from an order dismissing the defendant's motion for a new trial. The defendant gave notice of its intention to move for a new trial April 4, 1902, and having thereafter served upon the plaintiff its proposed bill of exceptions, to which the plaintiff had proposed certain amendments, gave the plaintiff notice of its rejection of the amendments, and that on June 28th it would present the bill and the amendments to the judge for settlement. On that day the judge was absent from San Francisco, and the defendant delivered the proposed bill and amendments to the clerk for the judge. It does not appear that the judge after his return was requested to fix any time for the settlement of the bill, or that any time was fixed by him, but in the early part of November the attorneys for the respective parties agreed to meet at his chambers at a designated time for the purpose of effecting its settlement, and in pursuance of said agreement had such meeting. At the request of the judge, the meeting was postponed until the next day, and thereafter, until December 24th, other postponements were had and meetings held at his chambers, at which the parties sought to effect a settlement of the bill. After December 24th no further steps were taken in the matter until May 20, 1903, on which day the plaintiff served a notice on the defendant of his intention to move the court for an order dismissing the defendant's motion for a new trial on

the ground that the defendant had not prosecuted the same with due diligence. The motion was heard May 29th and succeeding days, and on June 30th was granted. From this order the defendant has appealed.

Upon the foregoing facts the burden was thrown upon the defendant to show some excuse or explanation for its delay in taking the steps requisite for enabling the court to hear and determine its motion for a new trial, including the settlement and filing of the bill of exceptions setting forth the matters upon which the motion was to be heard; otherwise, the court would be authorized to hold that it had not acted with due diligence and to grant the motion of the plaintiff. The defendant was the moving party in the proceeding for a new trial, and the burden was at all times upon it to take whatever steps were necessary to enable the court to hear its motion. (*Kubli* v. *Hawkett,* 89 Cal. 638, [27 Pac. 57] ; *San Jose Land Co.* v. *Allen,* 129 Cal. 247, [61 Pac. 1083] ; *Mowry* v. *Weisenborn,* 137 Cal. 110, [69 Pac. 971] ; *Galbraith* v. *Lowe,* 142 Cal. 295, [75 Pac. 831].) Its contention that, after delivering the proposed bill and amendments to the clerk for the judge, it was not required to take any further steps toward procuring its settlement until it should receive notice that the judge had fixed a day therefor, is without support. It was its duty to ascertain when the judge should return to the city, and to obtain from him an order fixing a day for the settlement of the bill. The judge was not required to act in the premises until requested thereto by one of the parties to the suit; and, although it was competent for either party to obtain such order from him, the plaintiff was under no obligation to take any step in aid of the defendant for having its motion heard. But, even if the defendant had been entitled to any notice, the agreement between it and the plaintiff and their subsequent meetings at the judge's chambers for the purpose of settling the bill operated as a waiver of any objection to the absence of such notice. At the hearing of the plaintiff's motion the attorneys held different views upon the results of the last meeting at the judge's chambers on December 24th—the plaintiff claiming that at that time the bill was settled by the agreement between them as to its form and contents; the defendant, on the other hand, claiming that the form of certain proposed amendments had not been agreed upon.

Neither the proposed bill nor the amendments thereto are set forth in the record herein, and it does not appear whether the judge made any decision upon this dispute, but, as the proceedings for its settlement had been taken before him, he was in a position to know whether at that meeting they had agreed upon the form of the bill or not; and, if necessary for sustaining the order appealed from, it may be assumed, from the fact that the judge granted the plaintiff's motion, that he held in accordance with his contention. If the parties had, in fact, agreed upon the form and contents of the bill, it was incumbent upon the defendant to cause it to be engrossed and present it to the judge for his signature without any unreasonable delay, and its unexplained neglect for five months to cause it to be engrossed was inexcusable.

We do not, however, deem it necessary to assume that the judge made any decision upon this disputed point. If it be assumed that the parties did not then agree and that the bill was not settled, the defendant was still required to be diligent in procuring its settlement. By his own statement of the result of that meeting the defendant's attorney "undertook to prepare a modified form subject to future agreement" of the matters then in dispute; but he did not, in fact, take any further step in reference thereto or for the purpose of procuring a settlement of the bill until after the plaintiff in May, 1903, had given him notice of his intention to make the motion under consideration. The notice given by the defendant, after receiving the above notice from the plaintiff, that on a subsequent day it would proceed with the settlement of the bill did not obviate or palliate its previous negligence.

The fact that there were other causes in which the defendant was interested, wherein the time of its attorney was occupied in settling bills of exceptions, was a circumstance proper to be considered by the judge in determining whether there had been undue negligence in the settlement of the bill in this case, but his determination upon that point is not open to review.

The order is affirmed.

Hall, J., and Cooper, J., concurred.