[S. F. No. 4641.  Department Two.—May 28, 1908.]

## JOSEPH M. DORCY, Appellant, v. MARIA BRODIS et al., Respondents.

NEW TRIAL—MOTION FOR MUST BE PROSECUTED DILIGENTLY.—A motion for a new trial is an independent proceeding in an action, in which the burden of acting is at all times upon the moving party, and it devolves upon him to proceed with diligence.

ID.—DISMISSAL FOR WANT OF DILIGENCE—DISCRETION.—A motion for a new trial may be dismissed for lack of due diligence in its prosecution, and the determination of the question as to whether there has been due diligence is one necessarily largely within the discretion of the trial court.

ID.—DELAY OF FOUR MONTHS IN SETTLING STATEMENT.—An inexcusable delay for almost four months in having a proposed statement on motion for a new trial heard and settled, is sufficient to warrant the trial court in finding that the moving party had not proceeded with due diligence, and justifies it in dismissing the motion.

ID.—FIXING DATE FOR SETTLEMENT OF STATEMENT.—The right of the prevailing party to have a motion for a new trial dismissed on

CLIII Cal.—43

account of the failure of the moving party to prosecute it diligently by having the statement settled could not be affected by the action of the court of its own motion or by the *ex parte* application of the moving party in fixing a day for the settlement.

APPEAL from an order of the Superior Court of Santa Cruz County dismissing a motion for a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

William A. Bowden, Charles M. Cassin, and James P. Sex, for Appellant.

James Alva Watt, for Respondents.

LORIGAN, J.—This is an appeal by plaintiff from an order dismissing his motion for a new trial.

The action was brought to quiet title to a tract of land in the county of Santa Cruz, in which judgment was rendered in favor of the defendants and against plaintiff. In due time and on May 18, 1905, plaintiff gave notice of intention to move for a new trial. Thereafter, on June 1, 1905, his counsel served on the attorney for defendants what purported to be a statement in support of said motion. On the thirty-first day of August thereafter, defendants prepared and served upon plaintiff their proposed amendments to such statement, subject to objections interposed and saved therein against the settlement of said statement on the ground that it was a mere skeleton statement, inaccurate and incorrect in every material particular, and that it was sham and not prepared or proposed in good faith. Thereafter, defendants gave notice of a motion to dismiss plaintiff's motion for a new trial on the same grounds urged against the settlement of the statement. This motion came on to be heard on September 9, 1905, and was by the court denied. Subsequently, and on December 29, 1905, defendants again gave notice of motion to dismiss said motion for a new trial, to be heard January 2, 1906, and among other grounds, upon the ground that the plaintiff had failed to prosecute his motion for a new trial with due diligence. The matter was presented and heard upon affidavits of the

respective attorneys in the action and the proceedings in the cause, and after due consideration was granted by the trial court, and plaintiff appeals.

It is insisted by the appellant that the court abused its discretion in granting the motion to dismiss.

In *Galbraith* v. *Lowe,* 142 Cal. 296, [75 Pac. 831], it is said: "A motion for a new trial is an independent proceeding in an action, in which the burden of acting is at all times upon the moving party. . . . It is the moving party who is the actor in the proceeding and who is seeking the settlement of the bill of exceptions and the determination of the motion for a new trial, and it devolves upon him to proceed with diligence. . . . The power to dismiss a motion for a new trial on the ground that the same has not been prosecuted with due diligence being conceded, the determination of the question as to whether there has been due diligence is one necessarily largely within the discretion of the trial court." (See, also, *Boggs* v. *Clark,* 37 Cal. 236; *Hopkins* v. *Western Pacific R. R. Co.,* 44 Cal. 389.) Applying this rule, it appears that from the thirty-first day of August, 1905, when the amendments were served, up to the hearing of the last motion to dismiss which was granted, plaintiff had taken no action whatever to have the proposed statement heard and settled. It is true that in his affidavit counsel for plaintiff endeavors to excuse his delay upon the ground that he understood that there was an arrangement between himself and the attorney for defendants that the statement would be taken up at any time agreeable to both parties. But counsel for defendants, in a counter affidavit, deny any such agreement or understanding, and these conflicting affidavits were the only evidence upon that subject. The court was of the opinion that in this conflict there was no sufficient showing on the part of counsel for plaintiff excusing his delay in procuring the settlement of the statement and so stated in disposing of the motion. The court could then only look, as it did, to the records in the case which did not show any stipulations between the parties extending time or any orders of court having that effect. From the record it simply appeared that practically for four months after the statement and amendments should have been presented for settlement nothing was done by counsel for plaintiff to effect that end. The law required plaintiff as the moving

party to proceed with diligence at the peril of having his motion for a new trial dismissed and an inexcusable inactivity for almost four months was sufficient to warrant the trial court in finding that the plaintiff had not proceeded with due diligence. Hence, there was no abuse of discretion on the part of the court in dismissing the motion for a. new trial for that reason.

It is claimed by plaintiff that at the time the notice was given of the motion to dismiss, the court had already fixed the 3d of January, 1906, as the date for the settling of the statement. While it appears from the affidavit of plaintiff that the court had fixed that date for the settlement, there is nothing to show that the order fixing it was made prior to the filing of the notice of the motion to dismiss the motion for a new trial, or that that time was fixed by consent of the parties. In the absence of such showing no presumption is to be indulged that the order fixing the date of the settlement was made prior to the filing of the notice of motion to dismiss. All that appears is that there was a day fixed by the court for the hearing of the statement, which was subsequent to the filing of the notice of motion to dismiss and the date fixed for hearing such motion. The right of the defendants to have the motion for a new trial dismissed on account of failure to prosecute it diligently by having the statement settled could not be affected by the action of the court of its own volition or by the *ex parte* application of the attorney for the plaintiff in fixing a day for the settlement. If there was inexcusable delay on the part of plaintiff the defendants had a right to move to dismiss for that reason, and the action of the court in fixing a day for settlement could in no respect interfere with that right.

The order appealed from is affirmed.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.