[Civ. No. 1773. First Appellate District.—December 7, 1915.]

## JOSEPH SLYE et al., Petitioners, v. JOHN HUNT, Judge of the Superior Court, etc., Respondent.

NEW TRIAL—BILL OF EXCEPTIONS—DELAY IN SETTLEMENT—IMPROPER REFUSAL TO SETTLE.—The trial court was not justified in refusing to settle a proposed bill of exceptions, upon the ground of the laches of the party proposing it, where, upon the hearing of the settlement, the judge, after the matter had proceeded for some time, requested counsel for both sides to confer and attempt to agree on certain of the proposed amendments, and to report to him as to what could not be agreed upon, and the further hearing of the matter was continued for such report to be made, four months thereafter elapsing, during which time some ineffectual efforts were made by the parties to come to an agreement, failing in which the proponents caused the matter of the settlement of the bill to be again placed on the calendar of the court, and the bill together with the amendments having in the meantime remained in the possession of the adverse party.

ID.—CHANGE OF LAW AS TO PROCEDURE—APPLICABILITY OF TO PENDING CASES—USE OF BILL OF EXCEPTIONS UPON APPEAL FROM JUDGMENT. The change in the law governing new trials and appeals and taking away the right of an independent appeal from an order denying a motion for a new trial, and substituting a provision which permits the appellants upon their appeal from the judgment to have reviewed the errors, if any, of the trial court in denying their motion for a new trial, applies to cases pending and conditions existing at the time the statute took effect where no substantial remedies are impaired; and in such a case the appellants were entitled to have the bill of exceptions settled for use on their appeal from the judgment.

APPLICATION originally made to the District Court of Appeal for the First Appellate District to compel the settlement of a bill of exceptions.

The facts are stated in the opinion of the court.

Louis H. Ward, and Robert W. Harrison, for Petitioners.

Harold I. Cruzan, for Respondent.

THE COURT.—This is an application for a writ of mandate, directed to the judge of the superior court of the city and county of San Francisco, requiring him to proceed to settle the bill of exceptions and statement in the case of *Julia A. Roberts et al.* v. *Joseph Slye et al.,* No. 52,138, now pending in said court.

The facts of the case as they appear from the petition are briefly these: The said action of *Roberts et al.* v. *Slye et al.* was commenced in said court at some time during the year 1913, and came on for trial in the month of December of that year, at which trial a verdict was rendered in plaintiffs' favor on December 18, 1913, for the sum of four thousand five hundred dollars, upon which verdict judgment was entered in due course; that notice of intention to move for a new trial was duly given, and that within sixty days after said judgment an appeal therefrom was perfected to the supreme court. Thereafter, within the time allowed by law and the stipulations of counsel, defendants prepared and served a proposed bill of exceptions, embracing a statement of the case, consisting of 172 typewritten pages, to which the plaintiffs in due course prepared and served their proposed amendments, numbering 143, and containing some 87 pages of typewriting. Thereupon and in due time the defendants notified the plaintiffs of their nonacceptance of said amendments, and on September 21, 1914, delivered the same, together with their proposed bill of exceptions, to the clerk of the court for the judge thereof, accompanied by a number of affidavits upon which the motion for a new trial was to be made. Thereafter, from various causes, the settlement of the bill of exceptions, and consequently the motion for a new trial, were delayed for several months, but finally the former came up for hearing on March 24, 1915, and was then taken up by the court, coun-

sel for both parties being present and no objection to the settlement of the bill of exceptions being made. After the matter of the settlement had proceeded for some time the judge of the court requested counsel for both sides to confer and attempt to agree on certain of the amendments thereto, and report to him as to what could not be agreed upon, and the further hearing of the matter was continued until such report.

It appears that thereafter four months or thereabouts elapsed, during which some ineffectual efforts were made by respective counsel to come to an agreement, and these having failed, counsel for the defendants caused the matter of the settlement of the bill to be again placed upon the calendar of the court. Thereafter the plaintiffs moved the court to dismiss the motion for new trial on the ground of defendants' laches in prosecuting the same. The matters of the settlement of the bill of exceptions and of the motion to dismiss were upon the law and motion calendar for August 20, 1915. The court granted the motion to dismiss the motion for a new trial solely upon the ground of defendants' laches in procuring the settlement of their bill of exceptions, and a few days later refused to settle the bill of exceptions and caused the same to be dropped from its calendar.

We think the judge of the trial court should have settled the defendants' bill of exceptions. Whatever delays there may have been in the course of the preparation, proposal, or amendment of the bill prior to the twenty-fourth day of March, 1915, or whoever may have been responsible for such delays, the fact that on said last named' day the judge of the court took up and proceeded with the settlement of the bill, counsel for both parties being present and participating in such settlement without objection, constitutes a waiver and cure of previous delays. (*Hicks* v. *Masten,* 101 Cal. 651, 653, [36 Pac. 130] ; *Horton* v. *Jack,* 115 Cal. 29, 35, [46 Pac. 920] ; *O'Brien* v. *O'Brien,* 124 Cal. 422, 425, [57 Pac. 225].) On said March 24, 1915, and after the judge and counsel had made some progress toward the settlement of the bill, it appears that the judge suggested to respective counsel that they confer in an attempt to agree upon the amendments to be incorporated in the bill, and that they should at some time thereafter report as to such matters as they might not be able to agree upon. This suggestion was adopted, counsel

for the plaintiffs taking and since retaining the original bill
with its proposed amendments. There is some dispute as to
who was responsible for whatever delay there was thereafter
and during the succeeding four months; but it appears that
during a portion of that time the court was in vacation. It
is true, as suggested by plaintiff's counsel, that the cases hold
that ordinarily the burden is cast upon the proponents of a
bill of exceptions to bring the matter of its settlement to hear-
ing and determination even after the proponents of the bill
have left it with its amendments with the clerk for the judge
(*Miller* v. *Queen Ins. Co.,* 2 Cal. App. 267, [83 Pac. 287], and
cases cited). The present case, however, presents a somewhat
different situation. Here the judge, after proceeding some
distance in the performance of his duty in the way of settling
the bill, referred the matter to both counsel to confer, agree
if possible, and report back such matters as they could not
agree upon to the judge. He thus constituted counsel for
both parties in a sense his aids in the duty which was pri-
marily his own, and by so doing invested each with the re-
sponsibility of reporting back to him their failure, if any, to
agree upon the bill; and this we think would be peculiarly
true when, as is admitted, plaintiffs' counsel took possession
of the partly settled bill with its amendments and retained the
same until after his motion to dismiss the motion for a new
trial had been made. It appears in addition that it was the
defendants' counsel who caused the matter of further pro-
ceedings for the settlement of the bill to be placed upon the
calendar prior to notice of the plaintiffs' motion to dismiss.

We think these admitted facts make it clear that there was
no such laches on the part of the defendants in these later
proceedings subsequent to March 24, 1915, as would suffice
to justify the judge of the court in refusing to settle the bill
of exceptions. It is, however, contended by plaintiffs' coun-
sel that the defendants having taken no appeal from the
order dismissing (which was equivalent to an order denying)
their motion for a new trial, no useful purpose can be sub-
served by the issuance of this writ, to which the defendants
respond, first, that they are entitled to use the bill of excep-
tions upon their appeal from the judgment; and, second, that
at the last session of the legislature the law governing new
trials and appeals was so amended as to take away the right
of an independent appeal from an order denying a motion

for a new trial, but substituting a provision which permits the appellants upon their appeal from the judgment to have reviewed the errors, if any, of the trial court in denying their motion for a new trial. The plaintiff, however, argues that these amendments are not to be construed as affecting pending but undetermined motions for a new trial at the time the law took effect. No authority is cited in support of this contention; and we are satisfied that the rule is well settled that such changes in the law affecting procedure apply to cases pending and conditions existing at the time the statutes take effect where no substantial remedies are impaired. This being so, the defendants are entitled to have their bill of exceptions settled and to whatever benefits they may derive therefrom upon appeal from the judgment.

It is therefore ordered that the writ issue as prayed for in petitioners' petition.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 3, 1916.