[S. F. No. 8508. In Bank.—October 3, 1917.]

### FLORENCE E. WILLIAMS, Appellant, v. HUGH D. WILLIAMS, Respondent.

APPEAL—TIME FOR FILING TRANSCRIPT—PREPARATION OF RECORD UNDER SECTION 953A, CODE OF CIVIL PROCEDURE.—Under rule II of the supreme court, providing that the transcript on appeal must be filed within forty days after an appeal is perfected, except that if the transcript is prepared under the provisions of section 953a of the Code of Civil Procedure and a notice is filed by the appellant requesting a transcript of the phonographic report, the time for filing shall not begin to run until the report is approved and certified by the judge or until the proceeding to obtain the same has been terminated in the court below by dismissal or otherwise, it is the dismissal by the lower court that starts the time running, and an appeal from the order of dismissal does not operate *ipso facto* to prevent the running of the time.

MOTION to dismiss an appeal.

The facts are stated in the opinion of the court.

R. E. Hewitt, for Appellant.

William S. Cox, and Walter R. Dunn, for Respondent.

THE COURT.—This is a motion to dismiss an appeal from a judgment denying a divorce, on the ground that the appellant has failed to file in this court a transcript on appeal within the time provided by our rules.

The appeal here was perfected June 22, 1917, and no transcript has been filed herein.

Rule II (160 Cal. xlii, [119 Pac. ix]), provides that the transcript must be filed "within forty days after an appeal is perfected," except as otherwise stated in the rule. The only other provision material here is one reading as follows: "If the transcript for use on appeal is prepared under the provisions of section 953a of the Code of Civil Procedure and a notice is filed by the appellant requesting a transcript of the phonographic report, the time for filing the transcript of the record on appeal shall not begin to run until such phonographic report is approved and certified by the judge *or until the proceeding to obtain the same has been terminated in the court below by dismissal or otherwise.*"

In this case such a notice requesting a transcript was filed in the court below on June 22, 1917, but on July 27, 1917, the proceeding to obtain such a record was dismissed by the court below on motion duly made by respondent.

According to the provisions of our rule the time for filing the transcript on appeal apparently began to run with such dismissal, July 27, 1917, expiring September 5, 1917. Appellant, however, appealed from said order of dismissal on August 30, 1917, by filing a notice of appeal, and urges the existence of this latter appeal as a sufficient excuse for failure to file the transcript on the appeal from the judgment. The rule granting extensions in certain cases does not so provide. According to that rule it is the *dismissal by the lower court* that starts the time running, and an appeal from the order of dismissal does not *ipso facto* operate to prevent the running of the time. It may be that if it was made to appear to this court on a motion to dismiss an appeal that there had been an arbitrary disregard by the lower court of the rights of the appellant in the dismissal of his or her proceeding for a record and a gross abuse of the discretion committed to it to determine whether the appellant had proceeded in good faith and with due diligence, with the result that the pending appeal from the order of dismissal had real merit and the order should be reversed, we would accept such show-

ing as a sufficient excuse for the failure to file the transcript pending a diligent prosecution of the appeal from the order of dismissal. But after an examination of the papers submitted on this motion, we are constrained to hold that no such showing of merit in the appeal from the order is here made.

The appeal is dismissed.