[S. F. No. 8548. In Bank.—February 27, 1918.]

SARAH A. BRYAN, Administratrix, etc., Respondent, **v.** WILLIAM S. TEVIS, Appellant.

APPEAL—TRANSCRIPT ON APPEAL—TIME FOR FILING—CONSTRUCTION OF RULES.—Under rules II and V of the supreme court, the forty-day period within which the appellant can file his transcript on appeal does not begin to run "until the motion for a new trial has been decided, or the proceeding therefor dismissed"; nor does such time begin to run during the pendency of any proceeding "for the settlement of the bill of exceptions or statement which may be used in support of such appeal."

NEW TRIAL—LACK OF DILIGENCE—ORDER DISMISSING PROCEEDING—EFFECT OF.—An order dismissing a proceeding for a new trial on the ground that the moving party has not prosecuted the same with due diligence is in effect one denying the motion for a new trial.

ID.—TERMINATION OF PROCEEDING—COMMENCEMENT OF TIME FOR FILING TRANSCRIPT.—Where an order was made, on motion, dismissing a proceeding for a new trial, on the ground of lack of diligence in prosecuting the same, which order became final by failure to appeal from it, the party, instead of appealing, having moved to vacate the order of dismissal on the ground that his delay in prosecuting the motion for a new trial was due to mistake and excusable neglect, which motion was granted, but thereafter the court made an order *ex parte* purporting to vacate the last-named order and setting

the motion to vacate the order dismissing the proceeding for a new trial for further hearing, and, after hearing, made an order finally denying the motion to vacate the order dismissing the proceeding for a new trial,—whatever may have been the effect of the orders subsequent to the first, the last order denied the motion for a new trial and definitely ended the proceeding therefor; and the time for filing the transcript on appeal, so far as affected by the pendency of the proceeding for a new trial is concerned, commenced to run at least as early as the date of the last order.

ID.—STATEMENT ON MOTION FOR NEW TRIAL—REFUSAL OF SETTLEMENT—TERMINATION OF PROCEEDING—APPEAL FROM JUDGMENT.—An order signed by the trial judge and entered on the minutes of the court denying an application for the settlement of a statement on motion for a new trial, to be used on appeal from the judgment, is in effect one dismissing and terminating the proceeding in the lower court for the settlement of the statement, and thenceforth, within the meaning of the rules of the supreme court, no proceeding for the settlement of the statement was pending, and the time within which the transcript might be filed commenced to run.

APPEAL—TIME FOR FILING TRANSCRIPT—WHEN NOT EXTENDED.—If it be conceded that the order, in such a case, finally denying the motion to vacate the order dismissing the proceedings for a new trial, which finally terminated the latter proceeding, and the order denying the application for settlement of the statement on motion for a new trial, are appealable, the pendency of appeals from them does not *ipso facto* extend the time for filing the transcript on appeal from the judgment.

ID.—DISMISSAL OF PROCEEDING BY LOWER COURT—PENDENCY OF APPEAL FROM DISMISSAL—CLAIM OF ABUSE OF DISCRETION.—If, on a motion to dismiss an appeal from a judgment in such a case for failure to file a transcript, it is clearly made to appear to the supreme court that there has been an arbitrary disregard of appellant's rights and a gross abuse of discretion in determining that the appellant had not proceeded with diligence, and in dismissing his proceeding for a record or bill, and there is substantial merit in an appeal, which is being prosecuted diligently, involving the question of the right of the appellant to a record, the supreme court might be warranted in refusing to dismiss the appeal from the judgment, until the question of the right to a record is finally determined, but in the absence of such showing, and where the record on the appeal from the order dismissing the proceeding for the settlement of the statement shows no merit, the appeal from the judgment will be dismissed.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

John E. Bennett, for Appellant.

Thomas, Beedy & Lanagan, for Respondent.

ANGELLOTTI, C. J.—This is a motion to dismiss an appeal from a judgment on the ground that appellant has failed to file his transcript on appeal within the time prescribed by our rules. (Rules II and V, [160 Cal. xlii, xlvi, 119 Pac. ix, x].) The appeal was taken May 13, 1914, from a judgment entered March 16, 1914, notice of intention to move for a new trial "upon a statement of the case" to be thereafter prepared, having been given and filed April 24, 1914. No transcript has ever been filed. Under the rules hereinbefore referred to the forty-day period within which appellant could file his transcript did not begin to run "until the motion for a new trial has been decided, or the proceeding therefor dismissed." Likewise such time did not begin to run during the pendency of any proceeding "for the settlement of the bill of exceptions or statement which may be used in support of such appeal." It is upon these provisions of our rules that appellant must necessarily rely to defeat the motion to dismiss.

As to the motion for a new trial, it appears that on April 1, 1916, the trial court, on motion duly made, heard, and submitted, made an order dismissing the proceeding on the ground that the defendant had not prosecuted the same with due diligence. No appeal was ever taken from this order and it has long since become final. This order was in effect one denying the motion for a new trial. (*Voll* v. *Hollis,* 60 Cal. 572; *Lang* v. *Superior Court,* 71 Cal. 491, [12 Pac. 306]; *Galbraith* v. *Lowe,* 142 Cal. 295, [75 Pac. 831].) Instead of appealing from this order, appellant, on May 6, 1916, gave notice of a motion to vacate it, on the ground that his delay in prosecuting the motion for a new trial was due to mistake and excusable neglect. On September 15, 1916, the superior court made an order purporting to vacate the order of dismissal. On September 21, 1916, the superior court made an order *ex parte* purporting to vacate the last-named order, and setting the motion to vacate the order dismissing the proceeding for a new trial for further hearing. On January 5,

1917, after a hearing, the superior court made its order finally denying the motion to vacate the order dismissing the proceedings for a new trial. Whatever may be said as to the effect of any of the previous orders made after that of April 1, 1916, dismissing the proceeding for a new trial, this order of January 5, 1917, was certainly in substance and effect one deciding and denying the motion for a new trial and definitely ending the proceeding therefor. In so far as the provision of our rules postponing the commencement of the time within which the transcript must be filed where a proceeding for a new trial is pending in the lower court is concerned, the time for transcript commenced to run at least as early as that date.

As to the pendency of the proceeding for a statement which might be used on said appeal from the judgment: On January 15, 1917, appellant demanded of the judge of the lower court that he settle the statement on motion for a new trial in order that he might use the same on his appeal from the judgment. The judge refused to do this. On the same day an order signed by the judge was entered on the minutes of the court denying the application for the settlement of the statement. This order was in effect one dismissing and terminating the proceeding in the lower court for the settlement of the statement. Thenceforth, within the meaning of our rules, no proceeding for the settlement of the statement which might be used on the appeal was pending, and the time within which the transcript might be filed commenced to run. (See *Williams* v. *Williams,* 176 Cal. 230, [168 Pac. 19].) No resort to mandate to compel the settlement of the statement was made prior to the service of the notice of motion to dismiss the appeal (October 26, 1917), and indeed no application for any such remedy has been made up to this time. (See *Murphy* v. *Stelling,* 138 Cal. 642, 643, [72 Pac. 176]; *Hartmann* v. *Smith,* 140 Cal. 461, 467, [74 Pac. 7].) Appellant in February, 1917, did appeal from the orders of January 5th and 15th, and is now seeking to obtain the settlement of a bill of exceptions to be used on those appeals, but up to this time apparently without success. If we concede that these orders are appealable, the pendency of the appeals does not *ipso facto* extend the time for filing transcript on the appeal from the judgment. (See *Williams* v. *Williams, supra.*) As substantially suggested in the case just cited, if,

in the matter of obtaining a record, it is clearly made to appear in this court on a motion to dismiss an appeal, that there had been an arbitrary disregard by the lower court of the rights of the appellant in the dismissal of his proceeding for a record or bill—a gross abuse of the discretion committed to it, to determine whether the appellant had proceeded with due diligence, with the result that there is substantial merit in an appeal involving the question of the right of a party to a record on another appeal, and the party is prosecuting the same diligently, we might be warranted in refusing to dismiss the former appeal until the question of the right to the record is finally determined. But where such a showing in regard to the subsequent appeal is not made to appear, we will not regard its pendency as an answer to the motion to dismiss. In the case at bar appellant's proposed bill of exceptions on the subsequent appeals has been presented as a part of the evidence on this motion. It is apparent to us therefrom that there is no merit in the subsequent appeals. The conclusion of the court below that the appellant had not proceeded with due diligence in the matter of obtaining a settlement of the statement to be used on the motion for a new trial, and that the lack of diligence was inexcusable, which was the very matter determined by the court in dismissing the proceeding for a new trial, could not be disturbed by us under the circumstances shown, in view of such authorities as *Dorcy* v. *Brodis,* 153 Cal. 673, 675, [96 Pac. 278], *Galbraith* v. *Lowe,* 142 Cal. 295, [75 Pac. 831], and *Miller* v. *Queen Ins. Co.,* 2 Cal. App. 267, [83 Pac. 287]. The order regarding the new trial proceeding would therefore have to be affirmed, as would also the order of January 15, 1917, relative to the statement itself, which, in view of the ground upon which the order dismissing the new trial proceeding was based, was a necessary consequence thereof. The inexcusable lack of diligence was necessarily the same in each case, and the showing was of such a nature that the action of the trial court could not be disturbed as to either.

It follows that the motion to dismiss the appeal is well based, and must be granted.

The appeal is dismissed.

Shaw, J., Sloss, J., Melvin, J., Wilbur, J., and Victor E. Shaw, J., *pro tem.,* concurred.