[L. A. No. 8386. In Bank.—December 31, 1924.]

## THOMAS A. HUGHES, Respondent, v. MARY C. DE MUND, Appellant.

[1] APPEAL—MOTION TO DISMISS—SUPPORTING PAPERS.—Upon a motion to dismiss an appeal, the supporting papers are sufficient, under Rule VI of the Supreme Court, and the appeal should be dismissed where the certificate of the clerk shows the bringing of the action, entry of an interlocutory decree finding the existence of a partnership, ordering an accounting and decreeing that after the accounting a final decree be entered, from which interlocutory decree defendant filed a notice of appeal, but did not within the time required file a notice to the clerk to prepare a transcript, nor give an undertaking for cost of the transcript, nor personally arrange with the clerk or reporter therefor, and no transcript having been prepared or filed, and a supplemental affidavit shown that no draft of a bill of exceptions has been prepared, served, or presented and no bill ever certified or settled.

[2] ID.—PROPOSING BILL OF EXCEPTIONS OR REQUESTING TRANSCRIPT—TIME.—The time to propose a bill of exceptions or file notice requesting a transcript on an appeal from a judgment expires ten days after notice of entry of judgment, or if a proceeding on motion for new trial is pending, within ten days after notice of decision denying said motion or other termination thereof.

[3] ID.—NOTICE OF ENTRY OF JUDGMENT—NOTICE OF APPEAL.—The filing of notice of appeal from a judgment is the equivalent of notice of entry of judgment for the purpose of setting the time running within which to propose a bill of exception or request a transcript.

[4] ID.—MOTION FOR NEW TRIAL—NOTICE OF INTENTION—TIME.—If a motion for new trial is to be made, the notice of intention therefor must be filed within ten days after notice of entry of judgment, and the court has no power to extend this time.

[5] ID.—PASSING ON MOTION—TIME.—The power of the court to pass upon a motion for a new trial expires within two months after notice of entry of judgment, and if it does not determine the motion within said time, it is denied without order of court.

[6] ID.—DENIAL OF MOTION BY STATUTE—NOTICE—TIME.—Where a motion for new trial is automatically denied by force of the statute,

1.   See 2 Cal. Jur. 769.
2.   See 2 Cal. Jur. 555-559.
4.   See 2 Cal. Jur. 409; 20 Cal. Jur. 192.
6.   See 2 Cal. Jur. 409.

the appellant is deemed to have notice thereof of the date of the expiration of the statutory period, and the time for serving a proposed bill of exceptions or filing request for a transcript on appeal is ten days from that date, which time cannot be extended by the court more than thirty days.

[7] ID.—DISMISSAL OF MOTION FOR NEW TRIAL—NONAPPEALABLE OR-DER.—By the amendments of 1915 abolishing the right of appeal from an order denying a motion for new trial, the legislature also intended to abolish the right of appeal from an order dismissing a motion for new trial.

[8] ID. — ORDER DENYING NEW TRIAL — SPECIAL ORDER AFTER FINAL JUDGMENT.—An order denying a new trial is just as much a "special order made after final judgment" as is an order dismissing a motion for new trial.

[9] ID.—APPEAL FROM JUDGMENT—MATTERS REVIEWABLE—SECTION 956, CODE OF CIVIL PROCEDURE.—Under section 956 of the Code of Civil Procedure, there may be reviewed upon an appeal from a judgment not only an order denying a new trial, but any order upon motion therefor, · which necessarily includes an order dismissing such motion.

[10] ID.—APPEAL FROM INTERLOCUTORY DECREE—MOTION FOR NEW TRIAL—DISMISSAL—TIME TO PREPARE RECORD.—Where an appeal was taken from an interlocutory decree and a motion for a new trial of the action was dismissed, the time for preparation of the record on the appeal was started by the dismissal of the motion, and was not suspended by the taking of an appeal from the order of dismissal.

---

(1) 4 C. J., p. 599, sec. 2421.    (2) 4 C. J., p. 259, sec. 1867, p. 420, sec. 2120.    (3) 4 C. J., p. 259, sec. 1867, p. 420, sec. 2120.    (4) 29 Cyc., pp. 939, 940.    (5) 29 Cyc., p. 1006.    (6) 4 C. J., p. 259, sec. 1867; 4 C. J., p. 420, sec. 2120.    (7) 3 C. J., p. 509, sec. 338.    (8) 3 C. J., p. 509, sec. 338.    (9) 4 C. J., p. 682, sec. 2582.    (10) 4 C. J., p. 259, sec. 1867, p. 420, sec. 2120.

MOTION to dismiss an appeal from an interlocutory decree. Appeal dismissed. J. O. Moncur, Judge Presiding.

The facts are stated in the opinion of the court.

---

7. See 2 Cal. Jur. 173–176.
8. See 2 Cal. Jur. 153.
9. See 2 Cal. Jur. 827.

A. J. McCormick and Rush & McCormick for Appellant.

Goodwin & Morgrage and D. E. O'Brien for Respondent.

THE COURT.—Respondent moved to dismiss the appeal on the ground that no transcript of the record or appellant's points and authorities has been filed within the time allowed by law and the time for preparation thereof has expired, supporting his motion by a certificate of the clerk of the superior court and by an affidavit of counsel. Appellant makes no showing contravening that submitted by respondent in support of his motion, but stands upon the contention that the showing made by respondent is not sufficient under Rule VI of this court to entitle him to a dismissal, in that it fails to negative every conceivable set of circumstances under which appellant might be free from default herein. [1] Respondent's supporting papers do comply literally with every express requirement of Rule VI. The certificate of the clerk shows that the action was brought for the dissolution of partnership and for an accounting between the partners; that an interlocutory decree was entered February 2, 1924, decreeing that a partnership existed; that it was the owner of certain specified lots; that an accounting be had and that upon such accounting being had the court would make and cause to be entered its final decree in the matter; that defendant filed a notice of appeal from said decree April 2, 1924; that she has not filed a notice to said clerk to prepare a transcript, nor has she filed or given an undertaking for costs in preparing such transcript, nor did she arrange personally with the reporter or clerk for his compensation in the preparation thereof; that no transcript has been prepared or filed. The supplemental affidavit of counsel shows that defendant has not prepared nor served nor presented to the judge who heard the case any proposed draft of a bill of exceptions, nor has any bill of exceptions ever been certified or settled. This showing appears upon its face to be *prima facie* sufficient to entitle respondent to a dismissal of the appeal. [2] Appellant's time to propose a bill of exceptions or file notice requesting a transcript expired ten days after notice of entry of judgment, "or if a proceeding on motion for new trial be pending, within ten days after notice of decision denying said motion or

other termination thereof.'' (Code Civ. Proc., secs. 650, 953a.) [3] No notice of the entry of judgment is shown to have been given, but the filing by defendant of a notice of appeal on April 2d was the equivalent thereof for the purpose of starting this time running (*Fighiera* v. *Dewhirst*, 32 Cal. App. 245 [162 Pac. 655]; *Mallory* v. *See*, 129 Cal. 356, 359 [61 Pac. 1123]; *Timmons* v. *Coonley*, 39 Cal. App. 35 [179 Pac. 429]). [4] If motion for new trial were made the notice of intention must have been filed within ten days thereafter, to wit, April 12th (Code Civ. Proc., sec. 659). The court had no power to extend this time (Amendment of 1915 to Code Civ. Proc., sec. 659). [5] The power of the court to pass upon such motion for new trial would expire within two months after notice of the entry of the judgment which, for the purposes of this case, would be June 12th, and ''if such motion is not determined within said two months, the effect shall be a denial of the motion without further order of the court.'' (Code Civ. Proc., sec. 660.) [6] Where a motion for new trial is automatically denied by force of the statute the appellant is deemed to have notice thereof as of the date of the expiration of the statutory period (*Bernschein* v. *Whitaker*, 175 Cal. 130 [165 Pac. 523]; *McArthur* v. *Paxton*, 39 Cal. App. 608 [179 Pac. 521]). Thus the time for serving proposed bill of exceptions or filing request for transcript on appeal would expire June 22d. This time could not be extended by the court more than thirty days, or until July 22d (Code Civ. Proc., sec. 1054; *Cameron* v. *Arcata etc. R. R. Co.*, 129 Cal. 279, 282 [61 Pac. 955]). Thus, upon the face of the record as presented upon this motion, it would appear that appellant has been in default herein since July 22d.

[7] At the hearing of the motion counsel for appellant, to support his contention as to the insufficiency of the showing made in support of the motion, made substantially the following statement of facts, which were not controverted by counsel for respondent, and may be regarded as tacitly conceded herein: That defendant and appellant served and filed within time a notice of intention to move for new trial; that while the same was pending and before it had been heard by the court and before the time had elapsed for such hearing under Code of Civil Procedure, section 660, respondent moved to dismiss the motion for new trial upon the ground that it was premature in that the interlocutory de-

cree at which it was aimed was not a final judgment; that
this motion was heard by the court and appellant's motion
for a new trial was dismissed by the court three weeks prior
to the expiration of the statutory two months within which
the court had power to grant the motion; that thereafter
and within time defendant and appellant herein took and
perfected an appeal from the order dismissing her motion
for new trial, which appeal is now pending in the district
court of appeal. Appellant's contention is that by virtue of
these circumstances her motion for new trial is still pending
and undetermined, and that, therefore, her time has not yet
begun to run for the proposal of a bill of exceptions or the
filing of a request for transcript to be used upon this ap-
peal. She contends further that under the rule of *People
v. Lauman*, 59 Cal. App. 144 [210 Pac. 421] if upon the
appeal from the order dismissing the motion for new trial
the same is reversed, that upon the going down of the *re-
mittitur* therefrom the trial court will have three weeks
thereafter within which to act upon and within which it may
lawfully grant the motion for a new trial. We cannot adopt
this line of reasoning. Prior to 1915 a separate appeal
would lie, either from an order granting or from an order
refusing, a new trial, but by a series of amendments adopted
in that year appeals from orders refusing a new trial were
abolished, as were appeals from orders granting a new trial,
except in the single case of an action or proceeding tried
by a jury where such trial by jury is a matter of right (2
Cal. Jur., p. 173 et seq.; Code Civ. Proc., sec. 963). At the
same time it was provided that there may be reviewed upon
an appeal from the judgment not merely an order denying
a new trial but "any order on motion for a new trial."
(Code Civ. Proc., sec. 956.) Prior to these amendments it
was held that an appeal would lie from an order dismissing
a motion for a new trial (*McDonald* v. *McConkey*, 57 Cal.
325). While this decision was placed upon the ground that
the order in question was a special order after final judg-
ment it was also in accord with the view that an order dis-
missing a motion for new trial is equivalent to an order de-
nying the same, which was then expressly appealable (*Voll
v. Hollis*, 60 Cal. 569; *W. Davis & Son* v. *Hurgren & Ander-
son*, 125 Cal. 48, 50 [57 Pac. 684]; *Winchester* v. *Black*, 134
Cal. 125 [66 Pac. 197]; *Credits Commutation Co.* v. *Su-*

*perior Court,* 140 Cal. 82 [73 Pac. 1009]; *Bryan* v. *Tevis,* 177 Cal. 627 [171 Pac. 433]). [8] An order denying a new trial is just as much a "special order made after final judgment" as is an order dismissing a motion for new trial. Yet there is no room for doubt that the amendments of 1915 took away the right of appeal from the former (2 Cal. Jur., p. 174, and cases cited), and it would seem that it was the intent of the legislature in and by those amendments to abolish also the right of appeal from an order dismissing a motion for new trial. The purpose of the legislature evidently was to obviate the delays incident to the prosecution of two separate appeals in a single action in so far as proceedings for new trial are concerned, and to provide that such proceedings should be reviewable upon the appeal taken from the judgment. In the amendment to Code of Civil Procedure, section 939, prescribing the time within which an appeal may be taken, it was provided that "if proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or *other determination* in the trial court of the proceedings upon such motion." In section 956 it was provided that "the court may also on such appeal review *any order* on motion for a new trial." In section 953a it was provided that "said notice must be filed within ten days after notice of the entry of judgment, order or decree, or if a proceeding on motion for new trial be pending, within ten days after notice of decision denying said motion, or of *other termination* thereof." In section 650 it was provided that "if proceedings on motion for a new trial be pending, within ten days after notice of decision denying said motion *or other termination thereof* . . . " (The emphasis in the foregoing quotations is ours.) The iteration and reiteration of such phraseology makes plain the legislative intent that the limitations there prescribed should start running not merely upon the formal denial of a motion for new trial, but upon the happening of any event which has the legal effect of terminating the proceedings therefor in the court below. [9] So, also, the language of section 956 makes it plain that there may be reviewed upon an appeal from a judgment not only an order denying a new trial, but any order upon motion therefor, which necessarily must

include an order dismissing such a motion. To adopt appellant's contention herein would be to hold that she need not even begin proceedings for the preparation of a record upon this appeal until after her appeal from the order dismissing her motion for new trial shall have been finally determined and the *remittitur* thereon issued and filed in the court below. This would amount to a nullification to this extent of the legislative purpose so clearly evidenced in the amendments of 1915. It may be assumed for the purpose hereof that one of the grounds of the motion for a new trial was insufficiency of the evidence and that the order dismissing it was, therefore, appealable, as was assumed in *Grimes* v. *Lamar,* 60 Cal. App. 623 [213 Pac. 270]. Nevertheless, the taking of an appeal therefrom would not *ipso facto* extend the time for filing transcript upon appeal from the judgment (*Williams* v. *Williams,* 176 Cal. 230 [168 Pac. 19]; *Bryan* v. *Tevis, supra*). [10] We are constrained to conclude that upon appellant's statement of the facts her time for the preparation of a record upon this appeal was started running by the dismissal of her motion for a new trial, and was not suspended by the taking of an appeal therefrom, and upon the record as presented by respondent in support of his motion, it started not later in any event than July 22d. In either view of the situation she is in default and the motion must be granted.

We have not considered the question whether the interlocutory decree herein is an appealable judgment, as that question has not been raised or discussed by counsel.

The motion is granted and the appeal is dismissed.