[S. F. No. 13147. In Bank.—December 12, 1928.]

J. A. DOWLING, Petitioner, v. THE SUPERIOR COURT OF MARIN COUNTY et al., Respondents.

Kirkbride & Gordon and Ernest A. Wilson for Petitioner.

L. C. Pistolesi and Franklin B. Worley for Respondents.

LANGDON, J.—Petition for writ of mandate requiring the Superior Court in and for the County of Marin and Honorable E. I. Butler, Judge thereof, to certify an engrossed bill of exceptions for use upon appeal in the case of *Hannon et al.* v. *Madden et al.*, which was an action brought by forty-five owners of property within one assessment district against the city of Sausalito, its then board of trustees and its city clerk and involving the validity of a street assessment which plaintiffs sought to have declared invalid. Judgment in said action was entered in favor of the plaintiffs on March 25, 1927. Thereafter the defendants moved for a new trial which, on May 27, 1927, was denied. On June 25, 1927, defendants appealed from said judgment and in due time thereafter prepared, served and delivered a bill of exceptions upon such appeal. On November 3, 1927, the plaintiffs prepared and delivered their proposed amendments to said bill of exceptions and the matter of the settlement thereof came on for hearing before the judge of said court on or about December 8, 1927, at which time the parties entered into a stipulation as to what, in substance, said bill of exceptions should contain. Upon the filing of the bill of exceptions the court settled the same and directed it to be engrossed. It was then agreed between counsel that the attorney for the defendants should prepare the necessary pages to be inserted in said bill pursuant to stipulation and should submit same to plaintiffs' counsel for approval. Thereafter, at various times, the parties entered into a number of stipulations as to the form and contents of the bill and the matter was pending until the early part of June,

1928, the appellants, apparently, in good faith proceeding with the final preparation and engrossment of the bill and being led to believe by the conduct of counsel for respondents that the matter of time for the completion of said engrossment would not be insisted upon and that it had been waived.

On or about June 12, 1928, counsel for respondents, for the first time, presented to appellants their objection to the certification of the proposed bill of exceptions, whereupon counsel for the appellants immediately presented the bill to Judge Butler for certification, but the judge required a brief notice to be given of the application of appellants for certification of the engrossed bill of exceptions and on the fourteenth day of June a hearing was had upon such application and the objections thereto. At the conclusion of this hearing the trial judge sustained the objections and refused to certify said engrossed bill because of the delay.

As we have stated, it is apparent from the record that the appellants acted in good faith in the preparation of the bill and it is also apparent that they were misled by counsel for respondents into the belief that the statutory time for the completion of its engrossment and for its certification had been waived by counsel for respondents. The record contains stipulations signed by counsel for respondents, relating to the contents of the proposed bill of exceptions, as late as the latter part of February or the first of March, 1928, which was several months after the appellants' time had expired.

In view of this situation and of the policy of this court to determine upon the merits of appeals prosecuted in good faith, we think the writ prayed for should issue. Cases presenting a similar principle are: *Title Ins. etc. Co.* v. *California Dev. Co.*, 171 Cal. 173 [152 Pac. 542]; *Slye* v. *Hunt*, 29 Cal. App. 117 [154 Pac. 607]; *Kramm* v. *Stockton Electric R. R. Co.*, 22 Cal. App. 737 [136 Pac. 523]; *Hicks* v. *Masten*, 101 Cal. 651 [36 Pac. 130].

It is ordered that the writ issue as prayed.

Richards, J., Seawell, J., Shenk, J., Curtis, J., Preston, J., and Waste, C. J., concurred

Hearing in Bank denied.

All the Justices concurred.