[Civ. No. 11539. First Appellate District, Division Two.—December 16, 1940.]

LOTUS HOWLAND, Respondent, v. GEORGE D. HOWLAND et al., Appellants.

George D. Howland, *in pro. per.,* for Appellants.

Glen Behymer and D. Howard Painter for Respondent.

STURTEVANT, J.—In an action to quiet title the trial court made findings in favor of the plaintiff and from the judgment entered thereon the defendants appealed. In support of their appeal the defendants prepared a purported bill of exceptions. Later they presented the purported bill to the trial court and several hearings were had and numerous arguments were made. The matter was finally continued until February 17, 1936. On that date the further hearing of the settlement of the bill was had and the hearing was ordered off calendar. On the 22d day of June, 1937, the plaintiff served a notice that she would move to terminate proceedings for the settlement of the bill of exceptions. In her notice she designated the grounds on which the motion would be presented, and, among others, " . . . on the grounds that the defendants and appellants by their conduct and actions have in effect abandoned the appeal, have been guilty of unreasonable delay, laches and lack of due diligence, . . . " It was also recited that the motion would be based " . . . upon all of the records and files in said action, upon the affidavits filed concurrently herewith, and upon the defendants' proposed bill of exceptions . . . " Therewith the plaintiff served and filed in support of her intended motion her own affidavit, also the affidavits of Glen Behymer and D. H. Painter, her attorneys. On June 29, 1937, the defendants served a counter-motion to settle the bill of exceptions. The defendants served and filed the affidavit of George Howland in support of their motion and in opposition to the motion of the plaintiff. Later the plaintiff filed the affidavit of D. H. Painter in rebuttal. After hearing said motions on the 2d day of July, 1937, the trial court made an order refusing to settle the bill of exceptions and made an order terminating the proceedings for settlement thereof. From that order the defendants have appealed and have brought up a bill of exceptions.

Both parties make statements outside of the record. Confining our statement of the facts to the record before us it is clear a purported bill of exceptions was filed in the office of the county clerk on October 24, 1935. Except as herein recited no amendments were offered to said proposed

bill and no notice was given that the judge would be asked to settle said bill. On January 28, 1936, an order was made that the proposed bill would be settled on February 4, 1936. On the latter date the hearing was continued " . . . to February 17, 1936, at 9:30 A. M. for defendants to draw a new proposed bill of exceptions." The minutes of the clerk show that on the date last mentioned the hearing was ordered off calendar—to be reset at a later date. Nothing further occurred until the 22d day of June, 1937, and then the proceedings were had mentioned hereinabove in paragraph one.

In the affidavit of Mr. Painter made in support of the plaintiff's motion he stated the following facts:

"D. Howard Painter, being first duly sworn, deposes and says: That he is an attorney at law, and was the attorney of record for the plaintiff Lotus Howland in the above entitled matter; that affiant was in Department 29 of the Superior Court, before the Honorable Thomas C. Gould, on the 4th day of February, 1936, when defendants' proposed bill of exceptions came on for settlement; that Judge Thomas C. Gould after considerable argument by both parties, advised the defendant George D. Howland, and his attorney, Leslie R. Hewitt, that he would not settle the proposed bill of exceptions or permit the same to be engrossed in its then form and that counsel for the plaintiff should not be required to do the work of correcting the proposed bill of exceptions and that defendants and defendants' counsel who had presented the objectionable bill would be required to put it in proper shape and would be given a reasonable time to do so and advised counsel that the bill should be redrawn by defendants and defendants' counsel by the 17th of February, 1936, which was fixed by the court as a reasonable time within which to perform such labor and that the matter would be continued to the 17th of February, 1936, for that purpose; that after further argument, Judge Thomas C. Gould advised the defendant George D. Howland and his attorney, Leslie R. Hewitt, to prepare a rough draft of the new proposed bill of exceptions and submit the same to the attorney for plaintiff, affiant herein, and endeavor to agree upon the form thereof. That shortly after the 4th of February, 1936, affiant called the said Leslie R. Hewitt on the telephone and asked him when he would have the new bill of exceptions prepared; that said Leslie R. Hewitt advised affiant that he had been unable to get to the matter but that he would get

to it within a few days. That on the 17th day of February, 1936, when the matter came on for hearing before Judge Thomas C. Gould, on the date to which the matter had been continued, and the court was then advised that no new proposed bill of exceptions had been prepared but that within a short period of time it was hoped that the matter would be completed. That on said latter date the court then placed the matter off calendar." In reply thereto Mr. Howland, in support of the motion of the defendants and in opposition to the motion of the plaintiff, presented his affidavit that Mr. Leslie R. Hewitt (now deceased) was one of the attorneys for the defendants. Continuing he averred: " . . . that after said hearing (on February 17, 1936) said Leslie R. Hewitt told affiant that the Hon. Thomas C. Gould had directed Mr. Painter, plaintiff's attorney, to make his objections to said bill and state them in writing and serve the same upon defendants, and that defendants had nothing more to do in the matter until Mr. Painter had served them with a written copy of his proposed amendments to said bill." In rebuttal the plaintiff served and filed another affidavit of Mr. Painter. Among other things he averred as follows: "That at the hearing on the 4th day of February, 1936, the said Leslie R. Hewitt did not, as set forth in the affidavit of George D. Howland, argue or contend that the bill of exceptions proposed by the defendants was a true, full and complete bill, but on the contrary acquiesced in the order of the court requiring a redrafting thereof and the only argument which took place in the court was as to the procedure to be followed in the drafting of said proposed bill of exceptions and that the order of the court based thereon is set forth in the original affidavit of affiant on file herein. That immediately after the hearing on the 4th day of February, 1936, the said Leslie R. Hewitt advised affiant that he realized that the bill was improperly drawn and that a redraft thereof should be undertaken and that he, the said Leslie R. Hewitt, would see that that was done."

■ The defendants assert that the plaintiff, in making a motion to terminate proceedings, did not follow the proper practice. We think she did. (*Curtin* v. *Ingle,* 155 Cal. 53, 59 [99 Pac. 480].)

■■ The defendants quote from their affidavit and contend that the trial court should have denied the plaintiff's motion. We think they are mistaken. The affidavits were

conflicting. The power to resolve those conflicts rested with the trial court. All of the proceedings mentioned in said affidavits had occurred in that court and before the same judge presiding over said court. By its order, from which the defendants have appealed, the trial court made the implied finding that the facts set forth in the affidavits filed by the plaintiff were the true facts. Said implied finding is controlling on this appeal. (*Hassell* v. *Bunge,* 167 Cal. 365 [139 Pac. 800].) That case presented the testimony given by witnesses in open court. But the rule is the same when the trial court's determination rests on the averments contained in affidavits. (2 Cal. Jur. 931; *Patterson* v. *Keeney,* 165 Cal. 465 [132 Pac. 1043, Ann. Cas. 1914D, 232].)

█ As it was the defendants' proposed bill of exceptions that was being prepared the burden of going forward rested on them and, if there was considerable delay, it was their duty to produce the facts, if any, which excused the delay. (*Miller* v. *Queen Ins. Co.,* 2 Cal. App. 267 [83 Pac. 287]; *Wilson* v. *Wilson,* 207 Cal. 364 [278 Pac. 440].) █ The record shows there was a delay of seventeen months and there was no excuse therefor except the claim that Mr. Hewitt, one of the defendants' attorneys, had said that the plaintiff's attorney had stated he would prepare amendments. But the affidavit of Mr. Painter quotes the language of the trial judge showing the latter expressly directed the defendants to prepare and serve an amended bill. In effect the order of the trial court held that they did not do so during an otherwise unexplained delay of seventeen months. Such facts do not show that the trial court abused its discretion. (*Wilson* v. *Wilson, supra,* 366.) We note that defendants claim after the order made February 17, 1936, the duty rested on the trial court to designate a date for the settlement of the bill. But, as we have shown, the burden of going forward rested on the defendants. The defendants also claim the trial court should have directed changes and should not have dismissed the proceedings. That claim overlooks the record. On February 4, 1936, the court directed defendants to prepare a redrafted bill. They did not do so. On February 17, 1936, according to the affidavit of Mr. Painter, the trial court again gave the same direction. The bill was not changed. After the plaintiff served her notice of motion to terminate proceedings the defendants still failed and neglected to make any changes. We have not been cited to any

decision which holds the trial court was called upon to do more to protect the defendants in their rights.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied on February 13, 1941.