[L. A. No. 17879.   In Bank.—Oct. 17, 1941.]

LOTUS HOWLAND, Respondent, v. OLIVER HOWLAND, Defendant; GEORGE D. HOWLAND et al., Appellants.

George D. Howland, *in pro. per.*, and Frank M. Benedict for Appellants.

Glen Behymer for Respondent.

SHENK, J.—The defendants, George D. Howland and Annie E. Howland, have appealed from a judgment for the plaintiff Lotus Howland in an action to quiet title to certain land situate in the county of Los Angeles. The same defendants also appealed from an order of the trial court terminating all proceedings on the appeal. The plaintiff moved to dismiss the appeal from the judgment. That motion was denied for the reason that it was premature, and the denial was qualified as without prejudice to a renewal of the motion if the appeal from the order terminating proceedings for a record in the lower court should be decided adversely to the appellants. (*Howland* v. *Howland,* 11 Cal. (2d) 20 [77 Pac. (2d) 475].) The appeal from the order terminating proceedings was affirmed. (*Howland* v. *Howland,* 42 Cal. App. (2d) 4 [108 Pac. (2d) 41].) Another motion to dismiss the appeal from the judgment was made after the transcript was filed. That motion, also the appeal on the merits presented on the judgment roll alone, are now submitted for decision.

The plaintiff alleged ownership of a one-quarter interest in land which was particularly described. The defendants answered. The defendants' pleadings disclose that the defendant George D. Howland is the father of the defendant Oliver F. Howland, and that the plaintiff and Oliver F. Howland were married in June, 1928. It is alleged therein that George D. Howland had conveyed a one-half interest in the property to his son for the purpose of providing for his education; that an open account was kept between father and son of all amounts furnished by the father and all amounts repaid by the son, and that the conveyance was

intended as security for the repayment of the balance; that the balance due from the son to the father was $9609.65; that on June 16, 1930, the plaintiff procured a duly executed and acknowledged writing from Oliver F. Howland, which did not contain a particular description of the land, but which purported to convey to the plaintiff a one-half interest in the land conveyed to Oliver F. Howland by his father; that the same was without consideration and was obtained by force, coercion and threats of blackening the name of Oliver F. Howland; that the delivery of said writing was kept a secret from the defendant, George D. Howland.

The trial court found that the plaintiff was the owner and entitled to the possession of an undivided one-quarter interest in the property; that in 1911 the defendant, George D. Howland, conveyed the westerly 14 acres of said land to Oliver F. Howland, and that in July, 1929, the father and son exchanged deeds so that the son became the owner of an undivided one-half interest in the property; that on June 16, 1930, Oliver F. Howland conveyed a one-fourth interest in the land to the plaintiff; that an open account was not kept between father and son, and that the sum of $9609.65 was not due to the father from the son; that the father did not depend upon the property conveyed to his son as security for any balance that might be due from the son; that the son was possessed of unencumbered property of a market value far in excess of any moneys due to the father; that the conveyance to the plaintiff by Oliver F. Howland was not without consideration, but was prompted by the express desire of said defendant to provide for and care for the plaintiff; and that the plaintiff did not exert any coercion, menace, force or threats on the defendant, Oliver F. Howland; that the conveyance to the plaintiff was not made for the purpose of defrauding the defendant, George D. Howland. The court also found that George D. Howland had notice, knowledge and information concerning said conveyance long prior to the commencement of the action and since the month of November, 1932, and that he acquiesced in and approved of the transfer.

The appellants contend that the findings are contrary to admissions contained in the pleadings. This contention is based on the appellants' assumption that the plaintiff did not answer the ''amended third defense and

second cross-complaint'' of the defendant, George D. Howland, and that her default was duly entered. The judgment roll shows the entry of the default, but it also includes an answer filed by the plaintiff to said amended third defense and second cross-complaint, and it must be assumed, in the absence of any showing to the contrary, that said answer was duly filed. In fact, the plaintiff states, and it is not now denied, that on due application and notice the trial court set aside the plaintiff's default. ▮ In this connection the appellants also assert that the ''supplemental answer and pleading'' of the defendant, George D. Howland, was not answered by the plaintiff, and that the allegations thereof should have been deemed admitted to be true. An answer to such a pleading was not required and the allegations thereof were deemed controverted. (Sec. 462, Code of Civil Procedure.)

▮ The findings are responsive to the pleadings and on this kind of an appeal it must be presumed that they are supported by the evidence introduced at the trial.

▮ Basing their contention on alleged ''facts admitted by the pleadings,'' the appellants also assert that a deed conveying real property of considerable value from the husband to the wife, without any consideration therefor, must be set aside where it is shown that the husband is insolvent. The trial court properly proceeded on the theory that the alleged admitted facts were not admitted, and it found contrary thereto. The allegations of fact on which the appellants rely were controverted, and it must be assumed that the findings of fact contrary thereto were based on sufficient evidence.

Finally the appellants contend that the instrument dated June 16, 1930, set forth in the answers of the defendants, and the description contained therein, are too indefinite and uncertain to have any legal effect as a conveyance of real property. Again the appellants assert a fact contrary to the findings. The trial court found expressly that the right, title and interest of the plaintiff did not depend exclusively upon the writing referred to by the appellants. In view of that finding, the sufficiency or insufficiency of that document would not be determinative of this appeal.

The motion to dismiss the appeal is dismissed.  The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., and Pullen, J., *pro tem.*, concurred.

Appellants' petition for a rehearing was denied November 13, 1941.